EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                   | 2014 TSPR 98    |
|                          |                 |
| Paolo J. Pérez Román     | 191 DPR ____    |

Número del Caso: AB-2012-319
                 AB-2013-211


Fecha: 20 de junio de 2014



Materia: <u>Conducta Profesional</u> – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Paolo J. Pérez Román | AB-2012-319<br>AB-2013-211 |

*PER CURIAM*

En San Juan, Puerto Rico, a 20 de junio de 2014.

En el día de hoy, nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío.

I

El Lcdo. Paolo J. Pérez Román (en adelante "licenciado Pérez Román"), fue admitido al ejercicio de la abogacía el 23 de agosto de 2005 y a la Notaría el 14 de septiembre de 2005.

### *Queja AB-2012-319*

Mediante Resolución emitida el 20 de agosto de 2012 en el caso *El Pueblo de Puerto Rico v. Osvaldo Báez Alicea*, KLAN201101924, el Tribunal de Apelaciones refirió ante

AB-2012-319 con AB-2013-211

nuestra consideración la conducta del licenciado Pérez Román por posible infracción a los Cánones de Ética Judicial. Este Tribunal, mediante Resolución emitida el 20 de septiembre de 2012, le concedió un término de veinte (20) días para expresarse sobre el asunto traído ante nuestra consideración. Ante el incumplimiento del licenciado Pérez Román con nuestra Orden, el 25 de octubre de 2012, emitimos una Resolución concediéndole un término final de diez (10) días para que cumpliera con nuestra Resolución del 20 de septiembre de 2012.

El 28 de junio de 2013 le concedimos un término final de veinte (20) días para que cumpliera con nuestras Resoluciones. Dicha Resolución fue notificada al licenciado Pérez Román personalmente.

### *Queja AB-2013-211*

Mediante Carta Certificada la Subsecretaria del Tribunal le emitió una comunicación al licenciado Pérez Román en la que le concedió un término de diez (10) días para que contestara la Queja presentada en su contra. El 8 de julio de 2013, se le envió una segunda notificación y este no compareció.

Así las cosas, el 12 de septiembre de 2013, emitimos una Resolución en la que le concedimos un término final de cinco (5) días para que compareciera ante este Tribunal y contestara la Queja presentada. En la misma, le apercibimos que su incumplimiento podría conllevar

AB-2012-319 con AB-2013-211

sanciones severas, incluyendo la suspensión al ejercicio de la abogacía. Dicha Resolución fue notificada personalmente. El licenciado Pérez Román ha incumplido con el petitorio cursado.

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re Josué Daniel De León Rodríguez,* 2014 TSPR 29, 190 DPR ___ (2014); *In re García Incera,* 177 DPR 329 (2010); *In re Colón Rivera*, 165 DPR 148 (2007). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re García Incera, supra; In re Maldonado Rivera*, 147 DPR 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Colón Olivo,* 187 DPR 659 (2013); *In re Marrero García,* 187 DPR 578 (2012); *In re Betancourt Medina,* 183 DPR 821 (2011); *In re García Incera, supra; In*

AB-2012-319 con AB-2013-211

*re Ríos Rodríguez*, 172 DPR 1075 (2007); *In re Lloréns Sar*, 170 DPR 198 (2007).

Aun cuando apercibimos al licenciado Pérez Román de que podrían imponérsele sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión, este ha hecho caso omiso.

III

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía y la notaría al licenciado Pérez Román. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Pérez Román y entregarla a la Oficina del Director de Inspección de Notaría para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Paolo J. Pérez Román

AB-2012-319
AB-2013-211

SENTENCIA

En San Juan, Puerto Rico, a 20 de junio de 2014.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente al licenciado Pérez Román del ejercicio de la abogacía y la notaría. Como consecuencia, se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la obra y el sello notarial del licenciado Pérez Román para el trámite correspondiente por el Director de Inspección de Notarías.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo