EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Rosa María Rosado Cruz | 2015 TSPR 41<br><br>192 DPR ____ |
|---|---|

Número del Caso: TS-4854


Fecha: 11 de febrero de 2015


Programa de Educación Jurídica Continua:

      Lcda. Geisa Marrero
      Directora Ejecutiva


Materia: La suspensión será efectiva el 17 de febrero de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re<br><br>Rosa María Rosado Cruz | TS-4854 |  |

*PER CURIAM*

En San Juan, Puerto Rico, a 11 de febrero de 2015.

Una vez más, nos vemos precisados a ejercer nuestra facultad disciplinaria contra una integrante de la clase togada por incumplir con los requisitos del Programa de Educación Jurídica Continua, su deber de actualizar su dirección en el Registro Único de Abogados y Abogadas así como desatender las órdenes de este Tribunal. Por los fundamentos que enunciamos a continuación, se ordena la suspensión inmediata e indefinida de la Lcda. Rosa M. Rosado Cruz (licenciada Rosado Cruz) del ejercicio de la abogacía. Veamos los antecedentes fácticos que sostienen nuestro dictamen.

I

La licenciada Rosado Cruz fue admitida al ejercicio de la abogacía y de la notaría el 26 de mayo de 1975 y el 19 de junio de 1975, respectivamente. El 29 de enero de 1986 autorizamos su renuncia voluntaria al ejercicio de la notaría.

El 12 de febrero de 2014, la Directora del Programa de Educación Jurídica Continua (PEJC o Programa), Lcda. Geisa M. Marrero Martínez, nos informó que la licenciada Rosado Cruz no cumplió con los requisitos del PEJC para el periodo del 1 de abril de 2007 al 31 de marzo de 2009.

Surge del Informe de la Directora del PEJC que el 4 de mayo de 2009 se le envió a la licenciada Rosado Cruz un *Aviso de Incumplimiento* en el cual se le otorgó, entre otras alternativas, sesenta (60) días adicionales para completar los cursos exigidos por el PEJC. En dicha ocasión, la licenciada Rosado Cruz pagó la cuota por incumplimiento tardío establecida en la Regla 30 del Reglamento del Programa de Educación Jurídica Continua.[1]

Así las cosas, y transcurrido un periodo considerable para que la licenciada Rosado Cruz completara los requisitos reglamentarios y al no haberse dado el cumplimiento, el 21 de enero de 2011, la Directora del PEJC le remitió una citación para una Vista Informal a celebrarse el 25 de febrero de 2011. Dicha citación fue devuelta por el servicio postal. En consecuencia, se le remitió la citación nuevamente a la dirección de correo electrónico registrada en el Registro Único de Abogados y Abogadas (RUA). En dicha comunicación, se le indicó que podía comparecer por escrito siempre y cuando presentara sus argumentos al PEJC dentro de los diez (10) días siguientes al envío de la citación. Además, se le advirtió

---

[1] Reglamento del Programa de Educación Jurídica Continua de 2005, 4 LPRA Ap. XVII-E.

que, de no asistir a la Vista Informal en persona o por escrito, se entendería por renunciado su derecho a comparecer a ésta, y se remitiría el asunto a este Tribunal.

En consecuencia, y culminados los trámites reglamentarios, el PEJC nos remitió el asunto debido al incumplimiento de la licenciada Rosado Cruz. En el *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* presentado por la Directora del PEJC se nos apuntó que la Resolución notificándole de la determinación de remitirnos el asunto con la concesión de un nuevo término para el cumplimiento con los requerimientos del Programa se envió a la dirección de notificaciones que la licenciada Rosado Cruz tiene registrada en el RUA. Dicha comunicación se notificó mediante correo certificado con acuse de recibo. No obstante, esta correspondencia también fue devuelta por el servicio postal por tratarse de una dirección incorrecta (*Return to Sender Not Deliverable as Addressed Unable to Forward).* Al no surgir otra dirección postal registrada, el PEJC la reenvió a la única dirección de correo electrónico registrada en el RUA. Remitida la comunicación, no surge que hubiera ocurrido algún problema con el envío por dicho medio.

A su vez, surge del *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* que la licenciada Rosado Cruz tampoco ha cumplido con los requisitos del PEJC con relación al segundo periodo (1 de abril de 2009

al 31 de marzo de 2011) y al tercer periodo (1 de abril de 2011 al 31 de marzo de 2013).[2]

Así las cosas, el 28 de febrero de 2014 emitimos una Resolución en la que le concedimos a la licenciada Rosado Cruz un término de veinte (20) días para que mostrara causa por la cual no debería ser suspendida del ejercicio de la profesión por incumplir con los requisitos de educación jurídica continua y por no contestar los requerimientos del PEJC. También apercibimos a la licenciada Rosado Cruz que su incumplimiento con los términos de la Resolución conllevaría su suspensión inmediata del ejercicio de la abogacía.

II

A.

El Canon dos (2) del Código de Ética Profesional establece que los profesionales del derecho tienen el deber de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Canon 2 de Ética Profesional, 4 LPRA Ap. IX C. 2. Véanse, además, *In re Arroyo Rosado*, 2014 TSPR 80, 191 DPR __ (2014) y *In re Rivera Trani*, 188 DPR 454 (2013). En consecución de ese fin, "[t]oda abogada o todo abogado activo deberá tomar por lo menos veinticuatro (24) horas crédito de educación jurídica continua en un periodo

---

[2] La licenciada Rosado Cruz aún no ha sido citada a la vista informal dispuesta en el Reglamento del Programa de Educación Jurídica Continua, *supra*, con relación a estos periodos.

de dos (2) años". Regla 6(a) del Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, R. 6. Ello siempre y cuando no esté exento según las disposiciones de la Regla 4 de dicho Reglamento. 4 LPRA Ap. XVII-E, R. 4.

En aquellos casos en que un abogado cumpla tardíamente con los requisitos de educación jurídica continua, deberá presentar un Informe en el cual explique las razones que justifiquen su tardanza y, además tendrá que pagar una cuota. *In re Rivera Trani, supra.* Ahora bien, en casos de incumplimiento el Director o Directora de la Junta citará al letrado a una vista informal en la que podrá presentar prueba que justifique las razones de su proceder. *Íd.* De este no comparecer, la Junta del Programa remitirá el asunto ante la atención de este Tribunal. *In re Arroyo Rosado, supra.* En innumerables ocasiones este Tribunal ha disciplinado a los abogados que han desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua. *In re Rivera Trani, supra; In re Grau Collazo,* 185 DPR 938 (2012)*; In re Ramírez Ferrer,* 183 DPR 382 (2011)*.*

### B.

Por otro lado, la Regla 9(j) del Reglamento de esta Curia dispone que la Secretaria o el Secretario del Tribunal tendrá el deber de mantener un registro de todos los abogados(as) y notarios(as) autorizadas a ejercer la profesión legal en Puerto Rico. 4 LPRA Ap. XXI-B, R. 9(j);

*In re Arroyo Rosado*, *supra*. Para esos propósitos, este Tribunal creó el RUA, una base de datos que almacena de manera centralizada la información de aquellas personas autorizadas a ejercer la abogacía y la notaría en nuestra jurisdicción. *Íd.* Véanse, además, *In re Camacho Hernández,* 188 DPR 739 (2013), e *In re Martínez Class,* 184 DPR Ap. (2012). De manera paralela, la Regla 9(j) les impone a los letrados la obligación de mantener actualizados en el RUA sus datos personales, la dirección física y postal de su lugar de empleo y residencia, y el correo electrónico, entre otros.[3] 4 LPRA Ap. XXI-B; *In re Arroyo Rosado, supra.* Véase, además, *In re Rivera Trani*, *supra.* En múltiples ocasiones hemos enfatizado la importancia de que todo letrado mantenga al tribunal informado sobre sus direcciones y su información personal y el deber de notificar de manera inmediata a la Secretaría de este Tribunal cualquier cambio en los datos que estos han provisto en el RUA. *Íd.; In re Toro Soto*, 181 DPR 654 (2011); *In re Borges Lebrón,* 179 DPR Ap. (2010). La omisión de un abogado de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y hemos resuelto que ello es suficiente para decretar su separación indefinida de la profesión. *In re Arroyo Rosado, supra*; *In re Rivera Trani, supra*; *In re Toro Soto*, *supra*.

---

[3] El letrado deberá, además, designar una de las direcciones para recibir las notificaciones del Tribunal. Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

C.

Finalmente, el Canon 9 del Código de Ética Profesional regula la conducta del abogado ante los tribunales y exige que ésta se caracterice por el mayor respeto y diligencia. 4 LPRA Ap. IX, C. 9; *In re Guerrero Ledesma,* 2014 TSPR 50, 190 DPR __ (2014); *In re Pérez Román,* 2014 TSPR 98, 191 DPR __ (2014). Continuamente nos vemos obligados a recordarles a los integrantes de esta profesión que para honrar este mandato se requiere una escrupulosa atención y obediencia a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos disciplinarios. *In re Grau Collazo, supra; In re Pérez Román, supra; In re De León Rodríguez,* 2014 TSPR 29, 190 DPR __ (2014). En innumerables ocasiones hemos expresado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re Pérez Román, supra; In re García Incera,* 177 DPR 329 (2010). De igual manera, hemos advertido que cuando un letrado ignora nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos procede su suspensión inmediata e indefinida del ejercicio de la profesión. *In re Pérez Román, supra; In re Guerrero Ledesma, supra; In re Colón Olivo,* 182 DPR 659 (2013); *In re Marrero García,* 187 DPR 578 (2012).

III

Según relatáramos, la licenciada Rosado Cruz no ha

cumplido con los requisitos de educación jurídica continua desde el año 2007. En consecuencia, el PEJC le envió un *Aviso de Incumplimiento* y le concedió un término adicional para subsanar las deficiencias. Posteriormente, intentó citarla a una vista informal. No obstante, las comunicaciones enviadas a esos fines fueron devueltas por el servicio postal. Debido a la incomparecencia de la licenciada Rosado Cruz la Junta del Programa nos refirió el asunto. Así las cosas, el 28 de febrero de 2014 emitimos una Resolución otorgándole a la letrada un término para exponernos su posición. Sin embargo, la notificación de la Resolución también fue devuelta.

Como se puede colegir, los esfuerzos realizados por el PEJC y este Tribunal para contactar a la licenciada Rosado Cruz han sido infructuosos debido a que su dirección en el expediente personal disponible en el RUA no está al día. Como vimos, incumplir con su deber de actualizar su información de contacto en el RUA obstaculiza nuestra jurisdicción disciplinaria y ello es suficiente para decretar su separación indefinida de la profesión.

Por otro lado, hasta el presente, la licenciada Rosado Cruz no ha subsanado sus deficiencias de educación jurídica continua desde el año 2007. Surge que la licenciada Rosado Cruz pagó la cuota por incumplimiento tardío por lo que esta no puede justificar su incomparecencia a la citación del PEJC. Según discutido,

este Tribunal ha disciplinado a los abogados que han desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua.

Por otro lado, la licenciada Rosado Cruz ha exhibido una actitud de indiferencia, no solo con las órdenes de este Tribunal, sino con los requerimientos del PEJC. Así, en vista del craso incumplimiento de la letrada con los requisitos del PEJC, las órdenes de este Tribunal y por faltar a su deber de mantener los datos de RUA al día, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos, por lo tanto, notificar a todos sus clientes su inhabilidad para continuar con su representación legal así como devolver tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam*.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rosa María Rosado Cruz

TS-4854

SENTENCIA

En San Juan, Puerto Rico, a 11 de febrero de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede la cual se hace formar parte íntegra de la presente Sentencia, se suspende a la Lcda. Rosa María Rosado Cruz inmediatamente e indefinidamente del ejercicio de la abogacía.

La licenciada Rosado Cruz deberá notificar a todos sus clientes su inhabilidad de seguir representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, informará de su suspensión indefinida a los foros judiciales y administrativos en las que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo