EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>Magda I. Torres Martínez | 2015 TSPR 64<br><br>192 DPR ____ |

Número del Caso: TS-11,967

Fecha: 13 de febrero de 2015

Programa de Educación Jurídica Continua:

       Lcda. Geisa Marrero
       Directora Ejecutiva

Materia: Conducta Profesional- La suspensión de la abogada será efectiva el 17 de febrero de 2015, fecha en que se depositó en el correo la notificación de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Magda I. Torres Martínez

TS-11,967

*PER CURIAM*

En San Juan, Puerto Rico, a 13 de febrero de 2015.

Nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra una integrante de la clase togada por incumplir con los requisitos del Programa de Educación Jurídica Continua, su deber de actualizar su dirección en el Registro Único de Abogados y Abogadas así como desatender las órdenes de este Tribunal. Dicho incumplimiento no nos deja otra alternativa que separar a la Lcda. Magda I. Torres Martínez (licenciada Torres Martínez) inmediata e indefinidamente del ejercicio de la abogacía. Pasemos a exponer los antecedentes fácticos que sostienen nuestro dictamen.

I

La licenciada Torres Martínez fue admitida al ejercicio de la abogacía el 17 de enero de 1997.

El 29 de abril de 2014, la Directora del Programa de Educación Jurídica Continua (PEJC o Programa), Lcda. Geisa M. Marrero Martínez, compareció ante esta Curia mediante un *Informe Sobre Cumplimiento con Requisito de Educación Jurídica Continua.* En su escrito, esta nos indica que la licenciada Torres Martínez no completó los requisitos del PEJC para el periodo del 1 de julio de 2007 al 30 de junio de 2009.

Debido al incumplimiento de la licenciada Torres Martínez, el 14 de agosto de 2009 la Directora del PEJC le envió un *Aviso de Incumplimiento* otorgándole, entre otras alternativas, sesenta (60) días adicionales para completar los cursos exigidos por el PEJC. Surge del informe del PEJC que, la licenciada Torres Martínez no pagó la cuota por incumplimiento tardío establecida en la Regla 30 del Reglamento del Programa de Educación Jurídica Continua.[1]

Así las cosas, y transcurrido un periodo considerable para que la licenciada Torres Martínez completara los requisitos reglamentarios y al no haberse dado el cumplimiento, el 16 de agosto de 2011, la Directora del PEJC le remitió una citación para una vista informal. No obstante, a pesar de que dicha citación fue notificada a

---

[1] Reglamento del Programa de Educación Jurídica Continua de 2005, 4 LPRA Ap. XVII-E.

la dirección provista por la licenciada Torres Martínez en el Registro Único de Abogados y Abogadas (RUA), esta fue devuelta por el servicio postal. En vista de ello, el PEJC le remitió la comunicación nuevamente a la dirección de correo electrónico registrada en el RUA.

Ante este cuadro fáctico, y debido a que la licenciada Torres Martínez no compareció a la vista informal, el Oficial Examinador recomendó a la Junta del PEJC que nos remitiera el asunto. Además del incumplimiento arriba reseñado con respecto al período de 2007-2009, en el *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* presentado por la Directora del PEJC se nos indica además, que la licenciada Torres Martínez tampoco ha cumplido con los requisitos del PEJC para los periodos del 1 de julio de 2009 al 30 de junio de 2011 y 1 de julio de 2011 al 30 de junio de 2014.

Así las cosas, el 13 de mayo de 2014 emitimos una Resolución en la que le concedimos a la licenciada Torres Martínez un término de veinte (20) días para que mostrara causa por la cual no debería ser suspendida del ejercicio de la profesión por incumplir con los requisitos de educación jurídica continua y por no contestar los requerimientos del PEJC. También apercibimos a la licenciada Torres Martínez que su incumplimiento con los términos de la Resolución conllevaría su suspensión inmediata del ejercicio de la abogacía. Dicha Resolución fue devuelta por el servicio postal. La misma se notificó

por segunda vez el 12 de septiembre de 2013 por correo electrónico, sin éxito.

II

A.

El Código de Ética Profesional establece que los profesionales del derecho tienen el deber de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Canon 2 de Ética Profesional, 4 LPRA Ap. IX C. 2. Véanse, además, *In re Arroyo Rosado,* 2014 TSPR 80, 191 DPR __ (2014) e *In re Rivera Trani,* 188 DPR 454 (2013). En consecución de ese fin, el PEJC requiere que los abogados activos certifiquen haber tomado, como mínimo, veinticuatro (24) horas crédito cada dos (2) años. Regla 6(a) del Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, R. 6; *In re Rivera Trani.* Ello siempre y cuando no esté exento según las disposiciones de la Regla 4 de dicho Reglamento. 4 LPRA Ap. XVII-E, R. 4.

En aquellos casos en que un abogado no cumpla oportunamente con los requisitos de educación jurídica continua, deberá presentar un informe en el cual explique las razones que justifiquen su tardanza y, además tendrá que pagar una cuota. *In re Rivera Trani, supra.* Ahora bien, en casos de incumplimiento el Director o Directora de la Junta citará al letrado a una vista informal en la que podrá presentar prueba que justifique las razones de

su proceder. *Íd.* De este no comparecer, la Junta del Programa remitirá el asunto ante la atención de este Tribunal. *In re Arroyo Rosado, supra.* En innumerables ocasiones este Tribunal ha disciplinado a los abogados que han desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua. *In re Rivera Trani, supra; In re Grau Collazo,* 185 DPR 938 (2012); *In re Ramírez Ferrer,* 183 DPR 382 (2011).

### B.

Por otro lado, la Regla 9(j) del Reglamento de esta Curia dispone que la Secretaria o el Secretario del Tribunal tendrá el deber de llevar un registro de todos los abogados(as) y notarios(as) autorizadas a ejercer la profesión legal en nuestra jurisdicción. 4 LPRA Ap. XXI-B, R. 9(j); *In re Arroyo Rosado*, *supra*. Para esos propósitos, este Tribunal creó el RUA, una base de datos que almacena de manera centralizada la información de aquellas personas autorizadas a ejercer la abogacía y la notaría en Puerto Rico. *Íd.* Véanse, además, *In re Camacho Hernández,* 188 DPR 739 (2013), e *In re Martínez Class,* 184 DPR Ap. (2012). De manera paralela, la Regla 9(j) les impone a los letrados la obligación de mantener actualizados en el RUA sus datos personales, la dirección física y postal de su lugar de empleo y residencia, y el correo electrónico, entre otros.[2]

---

[2] El letrado deberá, además, designar una de las direcciones para recibir las notificaciones del Tribunal. Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

4 LPRA Ap. XXI-B; *In re Arroyo Rosado, supra.* Véase, además, *In re Rivera Trani*, *supra.* En múltiples ocasiones hemos enfatizado la importancia de que todo letrado mantenga al tribunal informado sobre sus direcciones y su información personal y el deber de notificar de manera inmediata a la Secretaría de este Tribunal cualquier cambio en los datos que estos han provisto en el RUA. *Íd.; In re Toro Soto*, 181 DPR 654 (2011); *In re Borges Lebrón,* 179 DPR Ap. (2010).

La omisión de un abogado de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y hemos resuelto que ello es suficiente para decretar su separación indefinida de la profesión. *In re Arroyo Rosado, supra; In re Rivera Trani, supra; In re Toro Soto*, *supra.*

### C.

Finalmente, el Canon 9 del Código de Ética Profesional regula la conducta del abogado ante los tribunales y exige que esta se caracterice por el mayor respeto. 4 LPRA Ap. IX, C. 9; *In re Guerrero Ledesma,* 2014 TSPR 50, 190 DPR __ (2014); *In re Pérez Román,* 2014 TSPR 98, 191 DPR __ (2014). Continuamente nos vemos obligados a recordarles a los integrantes de esta profesión que para honrar este mandato se requiere una escrupulosa atención y obediencia a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos disciplinarios. *In re Grau Collazo, supra; In re Pérez*

*Román, supra; In re De León Rodríguez,* 2014 TSPR 29, 190 DPR __ (2014)*.* En innumerables ocasiones hemos expresado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de este Tribunal e infringe el Canon 9. *In re Pérez Román, supra; In re García Incera,* 177 DPR 329 (2010). De igual manera, hemos advertido que cuando un letrado ignora nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos procede su suspensión inmediata e indefinida del ejercicio de la profesión. *In re Pérez Román, supra; In re Guerrero Ledesma, supra; In re Colón Olivo,* 182 DPR 659 (2013); *In re Marrero García,* 187 DPR 578 (2012).

### III

Según relatáramos, la licenciada Torres Martínez no ha cumplido con los requisitos de educación jurídica continua desde el año 2007. En consecuencia, el PEJC le envió un *Aviso de Incumplimiento* y le concedió un término adicional para subsanar las deficiencias. Posteriormente, intentó citarla a una vista informal. No obstante, las comunicaciones enviadas a esos fines fueron devueltas por el servicio postal. Debido a la incomparecencia de la licenciada Torres Martínez la Junta del Programa nos refirió el asunto. Así las cosas, el 13 de mayo de 2014 emitimos una Resolución otorgándole a la letrada un término considerable para exponernos su posición. Sin embargo, la notificación de esa Resolución también fue devuelta.

Como se puede colegir, los esfuerzos realizados tanto por el PEJC como por este Tribunal para contactar a la licenciada Torres Martínez han sido inútiles debido a que su dirección en el expediente personal disponible en el RUA no está al día. Como vimos, incumplir con el deber de actualizar la información de contacto en el RUA obstaculiza nuestra jurisdicción disciplinaria y ello es suficiente para decretar su separación indefinida de la profesión.

Por otro lado, hasta el presente, la licenciada Torres Martínez no ha subsanado sus deficiencias de educación jurídica continua desde el año 2007. Según discutido, este Tribunal ha disciplinado a los abogados que han desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua.

Además la licenciada Torres Martínez ha exhibido una actitud de indiferencia, no solo con las órdenes de este Tribunal, sino con los requerimientos del PEJC. Así, en vista del craso incumplimiento de la letrada con los requisitos del PEJC, las órdenes de este Tribunal y por faltar a su deber de mantener los datos de RUA al día, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. Le ordenamos, por lo tanto, notificar a todos sus clientes su inhabilidad para continuar con su representación legal así como devolver

tanto los expedientes de los casos pendientes, como los honorarios recibidos por trabajos no rendidos.

Igualmente, tiene el deber de informar oportunamente de su suspensión tanto a los foros judiciales como administrativos del país. Dichas gestiones deberán ser notificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam*.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Magda I. Torres Martínez

                              TS-11,967


                        SENTENCIA

En San Juan, Puerto Rico, a 13 de febrero de 2015.

        Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede la cual se hace formar parte íntegra de la presente Sentencia, se suspende a la Lcda. Magda I. Torres Martínez inmediatamente e indefinidamente del ejercicio de la abogacía.

        La licenciada Torres Martínez deberá notificar a todos sus clientes su inhabilidad de seguir representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, informará de su suspensión indefinida a los foros judiciales y administrativos en las que tenga algún caso pendiente. Estas gestiones deberán ser certificadas a este Tribunal dentro del término de treinta (30) días a partir de la notificación de esta Opinión y Sentencia.

        Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo


                    Aida Ileana Oquendo Graulau
                    Secretaria del Tribunal Supremo