EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Richard E. Torres Estrada | 2015 TSPR 76<br><br>193 DPR ____ |

Número del Caso: TS-13,631


Fecha: 5 de junio de 2015


Programa de Educación Jurídica Continua:

Lcda. Geisa Marrero Martínez
Directora Ejecutiva


Materia: Conducta Profesional- La suspensión del abogado será efectiva el 11 de junio de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Richard E. Torres Estrada

TS-13,631

*PER CURIAM*

En San Juan, Puerto Rico, a 5 de junio de 2015.

Una vez más nos vemos precisados a ejercer nuestra facultad disciplinaria contra un integrante de la clase togada por incumplir con los requisitos y requerimientos del Programa de Educación Jurídica Continua y por desatender las órdenes de este Tribunal. Por los fundamentos que enunciamos a continuación, se ordena la suspensión inmediata e indefinida del Lcdo. Richard E. Torres Estrada (licenciado Torres Estrada) del ejercicio de la abogacía. Veamos los antecedentes fácticos que sostienen nuestro dictamen.

I

El licenciado Torres Estrada fue admitido al ejercicio de la abogacía el 30 de enero de 2001.

Asimismo, el 2 de marzo de 2001 prestó juramento para ejercer el notariado en nuestra jurisdicción.

El 29 de abril de 2014, la Directora del Programa de Educación Jurídica Continua (PEJC o Programa), Lcda. Geisa M. Marrero Martínez, nos informó que el licenciado Torres Estrada no cumplió con los requisitos del PEJC para el periodo del 1 de julio de 2007 al 30 de junio de 2009. Por razón de su inobservancia, el 14 de agosto de 2009 el PEJC le envió al licenciado Torres Estrada un *Aviso de Incumplimiento* en el cual se le otorgó, entre otras alternativas, sesenta (60) días adicionales para completar los cursos exigidos por el PEJC. Surge del Informe de la Directora del PEJC que el licenciado Torres Estrada no solo desaprovecho la oportunidad concedida, sino que, además, no pagó la cuota por incumplimiento tardío establecida en la Regla 30 del Reglamento del Programa de Educación Jurídica Continua.[1]

Así las cosas, y transcurrido un periodo considerable para que el licenciado Torres Estrada completara los requisitos reglamentarios y al no haberse dado el cumplimiento, el 14 de julio de 2011, la Directora del PEJC le remitió una citación para una Vista Informal a celebrarse el 16 de agosto de 2011. No obstante, el licenciado Torres Estrada no compareció a la vista. En consecuencia, el Oficial Examinador recomendó remitir el

---

[1] Reglamento del Programa de Educación Jurídica Continua de 2005, 4 LPRA Ap. XVII-E.

asunto para nuestra consideración. En consecuencia, y culminados los trámites reglamentarios sin que el licenciado Torres Estrada compareciera, la Directora del PEJC en representación de la Junta de Educación Jurídica Continua presentó el Informe correspondiente.[2] En este, la Directora del PEJC nos solicitó que le otorgáramos al licenciado Torres Estrada un término final para cumplir con los requisitos del PEJC.

Así las cosas, el 13 de mayo de 2014 emitimos una Resolución en la que le concedimos al licenciado Torres Estrada un término de veinte (20) días para que mostrara causa por la cual no debería ser suspendido del ejercicio de la profesión por incumplir con los requisitos de educación jurídica continua y por no contestar los requerimientos del PEJC. Esa Resolución fue recibida por el letrado el 16 de mayo de 2014, mas sin embargo este hizo caso omiso a nuestra orden. Así las cosas, el 30 de enero de 2013 emitimos una segunda Resolución en la cual le concedimos un término perentorio de veinte (20) días para que cumpliera con nuestra Resolución del 13 de mayo de 2014. En esta le apercibimos al licenciado Torres Estrada que su incumplimiento con los términos de la Resolución conllevaría su suspensión inmediata del

---

[2] Del *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* surge que el Lcdo. Richard E. Torres Estrada tampoco ha cumplido con los requisitos del PEJC con relación al segundo periodo (1 de julio de 2009 al 30 de junio de 2011) y al tercer periodo (1 de julio de 2011 al 30 de junio de 2013). No obstante, es menester señalar que el licenciado Torres Estrada aún no ha sido citado a la vista informal dispuesta en el Reglamento del Programa de Educación Jurídica Continua, *supra*, con relación a estos periodos.

ejercicio de la abogacía. Ese término venció sin que el letrado compareciera.[3]

Pasemos a exponer la normativa aplicable a esta relación de hechos.

## II

El Canon II (2) del Código de Ética Profesional establece que los profesionales del derecho tienen el deber de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Canon 2 de Ética Profesional, 4 LPRA Ap. IX C. 2. Véanse, además, *In re González Borgos,* 2015 TSPR 54, 192 DPR ___ (2015); *In re Arroyo Rosado*, 2014 TSPR 80, 191 DPR __ (2014) e *In re Rivera Trani*, 188 DPR 454 (2013).

En el ejercicio de nuestro poder inherente para reglamentar la profesión legal, esta Curia adoptó el Reglamento de Educación Jurídica Continua [4] y, posteriormente, el Reglamento del Programa de Educación Jurídica Continua (Reglamento del PEJC o Reglamento).[5] En esencia, la razón primordial para adoptar estos cuerpos reglamentarios fue establecer un programa de educación

---

[3] En el ínterin el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E. Ávila De Jesús, presentó un *Informe especial sobre incumplimiento de la Ley Notarial de Puerto Rico y su Reglamento y en solicitud de remedios.* En este, nos informa que el licenciado Torres Estrada, entre otras cosas, ha incumplido de manera reiterada su obligación de remitir a la ODIN sus Índices de Actividad Notarial Mensual, así como sus Informes Estadísticos de Actividad Notarial.

[4] Véase, In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998).

[5] Véase, In re Aprobación Prog. Educ. Jur., 164 DPR 555 (2005).

jurídica continua que aportara al mejoramiento profesional de los abogados y abogadas, así como a la actualización de sus conocimientos y destrezas jurídicas. *In re González Borgos, supra.*

En consecución de ese fin, el Reglamento del PEJC dispone que "[t]oda abogada o todo abogado activo deberá tomar por lo menos veinticuatro (24) horas crédito de educación jurídica continua en un periodo de dos (2) años". Regla 6(a) del Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, R. 6. Ello siempre y cuando no esté exento según las disposiciones de la Regla 4 de dicho Reglamento. 4 LPRA Ap. XVII-E, R. 4. El Reglamento dispone, además, que todo profesional del derecho tiene el deber de presentar ante la Junta de Educación Jurídica Continua un informe que acredite el cumplimiento de las 24 horas crédito, dentro de los 30 días siguientes a la terminación de cada periodo de cumplimiento.[6]

En aquellos casos en que un abogado cumpla tardíamente con los requisitos de educación jurídica continua, deberá presentar un Informe en el cual explique las razones que justifiquen su tardanza y, además tendrá que pagar una cuota. *In re Rivera Trani, supra*. Ahora bien, en casos de incumplimiento el Director o Directora de la Junta citará al letrado a una vista informal en la que podrá presentar prueba que justifique las razones de su proceder. *Íd.* De este no comparecer, la Junta del

---

[6] Regla 28 del Reglamento del Programa de Educación Jurídica Continua, *supra.*

Programa remitirá el asunto ante la atención de este Tribunal. *In re Arroyo Rosado, supra.* En innumerables ocasiones este Tribunal ha disciplinado a los abogados que han desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua. *In re Rivera Trani, supra; In re Grau Collazo,* 185 DPR 938 (2012)*; In re Ramírez Ferrer,* 183 DPR 382 (2011)*.*

Por otro lado, el Canon 9 del Código de Ética Profesional regula la conducta del abogado ante los tribunales y exige que ésta se caracterice por el mayor respeto y diligencia. 4 LPRA Ap. IX, C. 9; *In re Guerrero Ledesma,* 190 DPR 237 (2014); *In re Pérez Román,* 2014 TSPR 98, 191 DPR __ (2014). Continuamente nos vemos obligados a recordarles a los integrantes de esta profesión que para honrar este mandato se requiere una escrupulosa atención y obediencia a los requerimientos de este Tribunal, particularmente cuando se trata de procedimientos disciplinarios. *In re Grau Collazo, supra; In re Pérez Román, supra; In re De León Rodríguez,* 190 DPR 378 (2014)*.* En innumerables ocasiones hemos expresado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re Pérez Román, supra; In re García Incera,* 177 DPR 329 (2010). De igual manera, hemos advertido que cuando un letrado ignora nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos procede su

suspensión inmediata e indefinida del ejercicio de la profesión. *In re Pérez Román, supra; In re Guerrero Ledesma, supra; In re Colón Olivo,* 182 DPR 659 (2013); *In re Marrero García,* 187 DPR 578 (2012).

III

Según relatáramos, el licenciado Torres Estrada no ha cumplido con los requisitos de educación jurídica continua desde el año 2007. En consecuencia, el PEJC le envió un *Aviso de Incumplimiento* y le concedió un término adicional para que este subsanara las deficiencias. Posteriormente, intentó citarlo a una vista informal. No obstante, el letrado hizo caso omiso a las comunicaciones del PEJC. Debido a la incomparecencia del licenciado Torres Estrada la Junta del Programa nos refirió el asunto. Así las cosas, el 13 de mayo de 2014 emitimos una Resolución otorgándole al letrado un término para exponernos su posición. Sin embargo, el licenciado Torres Estrada no compareció. A pesar de su incumplimiento, le otorgamos una segunda oportunidad para cumplir con nuestras órdenes. No obstante, el letrado optó por también incumplir con nuestra Resolución del 30 de enero de 2015. Al presente, el licenciado Torres Estrada no ha subsanado sus deficiencias de educación jurídica continua desde el año 2007; a saber no ha acreditado ningún curso ni ha comparecido ante nosotros para justificar su proceder.

La actitud de indiferencia y despreocupación del licenciado Torres Estrada ante sus obligaciones y más aún

ante los requerimientos de este Tribunal es totalmente inaceptable. Su proceder es uno de dejadez y menosprecio hacia la autoridad de esta Curia y esa conducta es incompatible con el ejercicio de la profesión.

Así, en vista del craso incumplimiento del letrado con los requisitos del PEJC y las órdenes de este Tribunal decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *per curiam* y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial del licenciado Torres Estrada y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Foro.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Richard E. Torres Estrada

TS-13,631

SENTENCIA

En San Juan, Puerto Rico, a 5 de junio de 2015.

Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Richard E. Torres Estrada.

Además, se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Torres Estrada y entregarla a la Oficina del Director de Inspección de Notaria para la correspondiente investigación e informe.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo