EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Hon. Ángel Martínez Santiago<br>Hon. Migdalia Padilla Alvelo<br>Hon. Itzamar Peña Ramírez<br>Hon. José O. Pérez Rosa<br>Hon. Antonio L. Soto Torres<br>Hon. José E. Meléndez Ortiz<br>Hon. María M. Charbonier Laureano<br>Hon. Carlos "Johnny" Méndez Nuñez<br><br>    Peticionarios<br><br>        v.<br><br>Hon. Alejandro García Padilla<br>Gobernador de Puerto Rico<br><br>Hon. César A. Miranda Rodríguez<br>Secretario de Justicia<br><br>    Recurridos | CT-2015-4 | Certificación |

RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de abril de 2015.

Examinado el *Recurso de Certificación Intrajurisdiccional, así como la Moción en Auxilio de Jurisdicción* presentadas por la parte peticionaria en el caso de epígrafe, se provee no ha lugar a ambas.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto Particular de Conformidad. La Jueza Asociada Oronoz Rodríguez emitió un Voto Particular de Conformidad al que se unieron la Jueza Presidenta señora Fiol Matta y los Jueces Asociados señores Martínez Torres y Feliberti Cintrón. El Juez Asociado señor Kolthoff Caraballo emitió un Voto Particular Disidente al que se le une la Jueza Asociada señora Pabón Charneco. El Juez Asociado señor Rivera García no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Hon. Ángel Martínez Santiago<br>Hon. Migdalia Padilla Alvelo<br>Hon. Itzamar Peña Ramírez<br>Hon. José O. Pérez Rosa<br>Hon. Antonio L. Soto Torres<br>Hon. José E. Meléndez Ortiz<br>Hon. María M. Charbonier Laureano<br>Hon. Carlos "Johnny" Méndez Nuñez<br><br>    Peticionarios<br><br><br>         v.<br><br>Hon. Alejandro García Padilla<br>Gobernador de Puerto Rico<br><br>Hon. César A. Miranda Rodríguez<br>Secretario de Justicia<br><br>    Recurridos | CT-2015-4 | Certificación |

Voto particular de conformidad emitido por el Juez Asociado señor ESTRELLA MARTÍNEZ

En San Juan, Puerto Rico, a 8 de abril de 2015.

Estoy conforme con la determinación adoptada por este Tribunal. En primer lugar, los peticionarios presentaron desde el pasado mes el recurso ante el Tribunal de Primera Instancia. El foro primario ha atendido diligentemente el recurso y ha señalado una vista para el día de mañana. A pesar de ello y en contravención a la Regla 28 de este Tribunal, 4 LPRA XXI-B, R. 28, los peticionarios esperaron menos de 24 horas de la fecha de celebración de esa vista para acudir ante nos y presentar una *Moción en Auxilio de*

*Jurisdicción.* Tampoco justificaron su incumplimiento con el término provisto en la citada Regla.

En segundo lugar, aunque nos encontramos ante un asunto de interés público, es el foro federal el que se encuentra precisamente adjudicando la sustancia de la controversia que genera el reclamo de los peticionarios. Ciertamente, todos los funcionarios públicos juramentamos fidelidad a las leyes de Puerto Rico, pero ese deber está acompañado de una fidelidad de mayor rango, a saber: a la Constitución de Puerto Rico y la de los Estados Unidos. Bajo el principio de la deferencia mutua que debemos exhibir los foros judiciales locales y federales, considero inadecuada e inapropiada una intervención de este Tribunal para atender un reclamo de los peticionarios que irremediablemente nos llevaría a adjudicar la controversia que se encuentra ante el Tribunal Federal para el Primer Circuito de Apelaciones.

De otra parte, denegar el presente recurso no impide que los ocho legisladores peticionarios ejerzan las prerrogativas y funciones legislativas que estimen pertinentes. Ahora bien, esas funciones legislativas deberán enmarcarse dentro de los parámetros constitucionales que canalizan los trabajos de los Cuerpos Legislativos y en los foros con jurisdicción. A modo de ejemplo, los peticionarios no han acreditado

que hayan solicitado intervenir en calidad de *amicus curiae* ante el foro judicial federal.

Otro factor a considerar es si la presentación de una postura jurídica que contiene fundamentos de derecho constitucional federal, entre otros planteamientos, que no se encuentran bajo la jurisdicción legislativa de los peticionarios, es una "acción ilegal" del Ejecutivo en sí misma que le lesione derechos a los legisladores locales peticionarios. El obstáculo que confronta esa argumentación es que el planteamiento jurídico que da base a la discrepancia ha sido formulado en el foro federal, que precisamente tiene el caso y controversia ante su consideración.

Finalmente, ante el tracto procesal en el foro federal, según expuesto por los peticionarios, y ante las particularidades de este caso, considero que este Tribunal no puede proveer a los legisladores el remedio que solicitan en el presente recurso, ya que equivaldría a administrar, sin facultad, el caso federal ante el Tribunal Federal para el Primer Circuito de Apelaciones.


                              Luis Estrella Martínez
                                 Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Hon. Ángel Martínez Santiago<br>Hon. Migdalia Padilla Alvelo<br>Hon. Itzamar Peña Ramírez<br>Hon. José O. Pérez Rosa<br>Hon. Antonio L. Soto Torres<br>Hon. José E. Meléndez Ortiz<br>Hon. María M. Charbonier Laureano<br>Hon. Carlos "Johnny" Méndez Nuñez<br><br>    Peticionarios<br><br>              v.<br><br>Hon. Alejandro García Padilla<br>Gobernador de Puerto Rico<br><br>Hon.   César   A.   Miranda Rodríguez<br>Secretario de Justicia<br><br>    Recurridos | CT-2015-4 | Certificación |

Voto Particular de Conformidad emitido por la Jueza Asociada Oronoz Rodríguez al que se une la Jueza Presidenta señora Fiol Matta y los Jueces Asociados señores Martínez Torres y Feliberti Cintrón

En San Juan, Puerto Rico, a 8 de abril de 2015.

Comparecen el Hon. Ángel Martínez Santiago y otros legisladores (peticionarios) mediante una *Moción en Auxilio de Jurisdicción* presentada a las 4:00 de la tarde del día de hoy, pretendiendo paralizar los procedimientos en el caso de epígrafe, el cual tiene una vista pautada en el Tribunal de Primera Instancia mañana 9 de abril a las 9:30 a.m. En la escueta *Moción* de dos páginas alegan que, de no paralizar los procedimientos ante el foro de primera instancia, se les ocasionaría un daño irreparable a sus prerrogativas como legisladores.

Además, solicitan que atendamos con urgencia un *Recurso de Certificación Intrajurisdiccional* presentado también ante este Tribunal el 6 de abril de 2015. En síntesis, mediante dicho recurso los peticionarios alegan que en el caso *Ada Conde Vidal et al. v. Alejandro García Padilla et al.*, Civil No. 14-1253 (PG), que se ventila en el foro federal, el Hon. Alejandro García Padilla y otros (parte recurrida) se atribuyeron la facultad de interpretar la Constitución del Estado Libre Asociado de Puerto Rico, concluyendo que el artículo 68 del Código Civil de Puerto Rico, 31 LPRA sec. 221, es inconstitucional.

A tales efectos solicitan que este Tribunal declare, entre otras: la inconstitucionalidad de la postura y el alegato que presentó la parte recurrida en el caso federal; que no le dé validez jurídica a los argumentos expuestos en dicho alegato; que le ordenemos a la parte recurrida a retirar -so pena de desacato- su alegato por ser alegadamente nulo *ab initio*; que emitamos una sentencia declaratoria, *mandamus* e interdicto permanente para restringir las actuaciones de la parte recurrida; y que las actuaciones de la parte recurrida sean referidas a evaluación ética. Todo ello, pues alegan que la parte recurrida no tiene "la capacidad en ley para realizar una acción en el caso federal que su efecto real es una colusión que permite que la parte demandante apelante en dicho caso litigue

sola y con todo a su favor". *Recurso de Certificación*, pág. 17.

Los peticionarios argumentan que su solicitud se basa en una actuación de la parte recurrida durante el trámite del caso ante el tribunal federal. En particular, alegan que en la etapa apelativa de ese caso ante el Tribunal de Apelaciones para el Primer Circuito de Boston la parte recurrida no defendió la constitucionalidad del artículo 68 del Código Civil, 31 LPRA sec. 221, violando así las prerrogativas de las otras ramas de gobierno.

Los argumentos esgrimidos por los peticionarios no justifican la expedición del recurso de Certificación. Hacerlo sería actuar a destiempo, cuando el expediente ante el TPI sobre los méritos se encuentra incompleto. La controversia según esbozada por los legisladores peticionarios no es una que amerite urgente solución ni que afecte la debida administración de la justicia. El mecanismo del recurso de certificación intrajurisdiccional es de carácter excepcional en atención al interés de que los casos maduren según su curso ordinario, reuniéndose toda la prueba y la argumentación necesaria para adjudicar debidamente una controversia. UPR v. Laborde, 180 DPR 253 (2010); Rivera v. JCA, 164 DPR 1 (2005).

Por otro lado, la Moción en auxilio de jurisdicción presentada tampoco satisface los criterios para su

expedición. Los peticionarios aluden a un alegado daño irreparable basado en sus prerrogativas como legisladores, sin fundamentar el mismo adecuadamente. También se debe indicar que los peticionarios incumplieron con el requisito de presentar la solicitud al menos cinco días antes de la vista para la cual se solicita paralización, sin causa justificada, según lo requiere la Regla 28 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B R. 28. Ello, aun cuando conocían desde el 25 de marzo que la vista aludida se celebraría el 9 de abril. Tomando en cuenta los requisitos de nuestra Regla 28, así como los fundamentos detrás del mecanismo de la moción en auxilio de jurisdicción, la presente Moción de los peticionarios no satisface nuestra normativa sobre el particular. García López v. ELA, 185 DPR 371, 378-379 (2012); Marrero v. Dolz, 142 DPR 72, 72 (1996).

Por las razones antes referidas, estoy conforme con declarar **No ha lugar** tanto el recurso de Certificación como la Moción en Auxilio de Jurisdicción y dejar que la demanda siga su curso ordinario.


                           Maite D. Oronoz Rodríguez
                              Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Hon. Ángel Martínez Santiago<br>Hon. Migdalia Padilla Alvelo<br>Hon. Itzamar Peña Ramírez<br>Hon. José O. Pérez Rosa<br>Hon. Antonio L. Soto Torres<br>Hon. José E. Meléndez Ortiz<br>Hon. María M. Charbonier Laureano<br>Hon. Carlos "Johnny" Méndez Nuñez<br><br>    Peticionarios<br><br><br>         v.<br><br>Hon. Alejandro García Padilla<br>Gobernador de Puerto Rico<br><br>Hon. César A. Miranda Rodríguez<br>Secretario de Justicia<br><br>    Recurridos | CT-2015-4 | Certificación |

Voto Particular disidente emitido por el Juez Asociado señor Kolthoff Caraballo a quien se le une la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 8 de abril de 2015.

Disiento del curso de acción de este Tribunal, pues estoy convencido de que el recurso que nos fuera presentado es perfectamente certificable. Según el texto del Art. 3.002 de la Ley Núm. 201-2003, según enmendada, en cuanto al recurso de certificación intrajurrisdiccional se dispone que:

(…)

(e) Mediante auto de certificación, a ser expedido discrecionalmente, *motu proprio*, o <u>a solicitud de parte</u>, <u>podrá traer inmediatamente ante sí para considerar y resolver cualquier</u>

asunto pendiente ante el Tribunal de Primera Instancia o el Tribunal de Apelaciones cuando se plantee la existencia de un conflicto entre decisiones previas del Tribunal de Apelaciones, se planteen cuestiones noveles de derecho, o se planteen cuestiones de alto interés público que incluyan cualquier cuestión constitucional sustancial al amparo de la Constitución del Estado Libre Asociado de Puerto Rico o de la Constitución de Estados Unidos. (Énfasis suplido)

Nótese que, para que este Tribunal pueda expedir el recurso de certificación se requiere que el asunto en controversia plantee cuestiones noveles de derecho, o se planteen cuestiones que incluyan cualquier cuestión constitucional sustancial al amparo de la Constitución del Estado Libre Asociado de Puerto Rico o de la Constitución de Estados Unidos. Dado que el asunto en controversia es si la negativa del Secretario de Justicia de defender una ley aprobada por la Asamblea Legislativa viola los principios de separación de poderes dispuestos en la Constitución del Estado Libre Asociado de Puerto Rico, resulta innegable que el asunto ante nuestra consideración es uno de alto interés público sobre una cuestión constitucional sustancial. Además, este Tribunal no se ha expresado sobre si el Secretario de Justicia tiene el deber ministerial de defender la política pública del Estado ante un ataque de constitucionalidad.

CT-2015-4                                                          3

Ahora bien, el mero cumplimiento de estos requisitos no obliga al Tribunal a expedir toda solicitud de certificación ante su consideración. Sin embargo, son las características particulares del caso que nos ocupa las que hacen de éste uno perfectamente certificable. Es decir, ciertamente este caso presenta una cuestión novel en cuanto si el Secretario de Justicia viene obligado por un deber ministerial a defender en los tribunales la política pública creada por la Asamblea Legislativa. Si bien el caso que hoy se nos presenta está ante la consideración del Tribunal de Primera Instancia, debemos tener presente que la vista evidenciaria podría resultar innecesaria toda vez que lo que se nos precisa aclarar es una cuestión estrictamente de derecho. Además, no podemos ignorar que en la actualidad los actos del Secretario de Justicia tienen un efecto directo en el posible resultado sobre un caso pendiente en el Tribunal del Circuito de Apelaciones de Boston en cual la política pública del País se encuentra bajo ataque y sin representación legal. Esto sin duda alguna añade un grado de premura a la controversia planteada por los peticionarios, ya que nada impide que en cualquier momento el Tribunal federal pueda disponer de la controversia ante su consideración.


                          Erick V. Kolthoff Caraballo
                               Juez Asociado