EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: |  |
|---|---|
|  | 2019 TSPR 67 |
| Apolinar Rodríguez López | 201 DPR ____ |

Número del Caso:    TS-5,175


Fecha: 18 de marzo de 2019


Programa de Educación Jurídica Continua:

      Lcdo. José Ignacio Campos Pérez
      Director Ejecutivo


Materia:  La suspensión será efectiva el 3 de mayo de 2019, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Apolinar Rodríguez López          TS-5,175

PER CURIAM

En San Juan, Puerto Rico, a 18 de marzo de 2019.

Una vez más, ejercemos nuestra facultad disciplinaria contra un miembro de la profesión legal debido a su incumplimiento con los requisitos y requerimientos del Programa de Educación Jurídica Continua (PEJC), así como su desatención en cuanto a las órdenes de este Tribunal. Ante la conducta demostrada en el trámite que exponemos a continuación, nos vemos obligados a decretar la suspensión inmediata e indefinida del Lcdo. Apolinar Rodríguez López del ejercicio de la abogacía.

I.

El licenciado Rodríguez López fue admitido al ejercicio de la abogacía el 28 de mayo

de 1976.[1] El 12 de mayo de 2017 el entonces Director del PEJC, el Lcdo. José I. Campos Pérez, presentó ante este Tribunal un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua*. Mediante dicho informe, detalló la información pertinente sobre los profesionales del Derecho que incumplieron los requisitos establecidos en el Reglamento del PEJC durante el periodo de 1 de agosto de 2009 al 31 de julio de 2011. Entre los abogados que el Director del PEJC incluyó en el informe se encuentra el licenciado Rodríguez López.[2] El Director del PEJC indicó que ante la inobservancia del letrado, el 2 de noviembre de 2011 el PEJC le cursó un Aviso de Incumplimiento mediante el cual le informó de la situación. Además, le concedió -entre otras alternativas- 60 días adicionales para que tomara los cursos de educación jurídica que adeudaba y cumpliera con el periodo de referencia. Cabe mencionar que el licenciado Rodríguez López, además de desaprovechar la alternativa concedida, no satisfizo la cuota relacionada al cumplimiento tardío.

Asimismo, el 28 de febrero de 2014 -más de dos años sin conocer circunstancia alguna del licenciado Rodríguez López- el PEJC le envió una carta citándolo para una vista informal que se celebraría el 25 de abril de 2014. También se le dio la opción de comparecer por escrito en un término de 10 días. Se le advirtió que de no comparecer personalmente o por

---

[1] Nunca juramentó como notario.
[2] En particular, surge que el licenciado Rodríguez López adeuda 4 horas crédito para este periodo y que también tiene incumplidos los dos periodos subsiguientes (2011-2013 y 2013-2015).

escrito se remitiría el asunto a la atención de este Tribunal. No obstante, el licenciado Rodríguez López no compareció a la vista informal ni presentó escrito alguno.

En consideración al trámite anterior, el Director del PEJC solicitó en su informe que otorgáramos al licenciado un término final para cumplir con los requisitos. Así, el 7 de junio de 2017 notificamos una Resolución concediéndole al licenciado Rodríguez López un término de 20 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC y no comparecer ante este cuando le fue requerido. El licenciado Rodríguez López no respondió a nuestra orden.

Consecuentemente, el 25 de agosto de 2017 notificamos una Resolución mediante la cual concedimos al licenciado Rodríguez López un término final de 10 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía.

Transcurrido casi un año sin que compareciese el licenciado Rodríguez López, el 9 de agosto de 2018 notificamos una Resolución mediante la cual concedimos un término adicional de 10 días para que mostrase causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC. Al presente el licenciado Rodríguez López no ha comparecido ante este Tribunal ni ante el PEJC.

Conviene destacar que todas las comunicaciones y los escritos que el PEJC presentó ante este Tribunal se enviaron

a la dirección postal del licenciado Rodríguez López que surge del Registro Único de Abogados y Abogadas (RUA); ninguna fue devuelta.

## II.

En nuestra jurisdicción los abogados y las abogadas están obligados a "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]".[3] Por razón de nuestro poder inherente para reglamentar la profesión de la abogacía y en sintonía con el deber antes expuesto, este Tribunal adoptó el Reglamento de Educación Jurídica Continua y, ulteriormente, el Reglamento del Programa de Educación Jurídica Continua.[4] En el 2017, adoptamos un nuevo Reglamento del Programa de Educación Jurídica Continua, el cual derogó los reglamentos anteriores.[5]

El motivo primordial para la adopción de estos fue establecer un programa de educación jurídica continua que contribuyera al mejoramiento profesional de los abogados y las abogadas, así como a la actualización de sus conocimientos y destrezas jurídicas.[6] Ello, a los fines de fomentar el ejercicio de la abogacía dentro de los más altos niveles de calidad y competencia.[7]

En el pasado hemos suspendido del ejercicio de la

---

[3] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX C. 2.
[4] Véase, In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998); In re Aprobación Prog. Educ. Jur., 164 DPR 555 (2005).
[5] In re Aprobación Reglamento PEJC, 198 DPR 254 (2017).
[6] Íd.
[7] Íd.

profesión a abogados y abogadas que no cumplen con los requisitos del PEJC ni atienden sus requerimientos, así como las órdenes de este Tribunal. Véase, In re Arocho Cruz, 200 DPR 352 (2018); In re Abreu Figueroa, 198 DPR 532 (2017); In re Sepúlveda Padilla, 195 DPR 606 (2016); In re Arroyo Acosta, 192 DPR 848 (2015).

Por su parte, el Canon 9 de Ética Profesional requiere que la conducta de los abogados hacia los tribunales se caracterice por el mayor respeto.[8] De este precepto surge la obligación de los miembros de la profesión legal de responder oportunamente a los requerimientos de este Tribunal. In re Cardona Estelritz, 2018 TSPR 201, 201 DPR ___ (2018); In re Vargas Díaz, 200 DPR 152 (2018); In re Acevedo Álvarez, 199 DPR 1 (2017).

De manera repetitiva les hemos recordado a los abogados y las abogadas que no atender las órdenes de este Tribunal tiene como consecuencia la suspensión del ejercicio de la profesión, pues demuestra dejadez e indiferencia a nuestros apercibimientos. In re Mangual Acevedo, 197 DPR 998, 1001 (2017); In re Salas González, 193 DPR 387, 393 (2015); In re Morales Maldonado, 193 DPR 340, 348 (2015). La actitud de no cumplir con las órdenes del Tribunal denota menosprecio hacia nuestra autoridad, razón por la cual dicha conducta constituye una violación al Canon 9 de Ética Profesional. In re Morales Maldonado, supra; In re Gonzáles Borgos,

---

[8] Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX C. 9.

192 DPR 926, 933 (2015); In re Moll Farina, 192 DPR 826, 768 (2015).

Aunque hemos enfatizado en infinidad de ocasiones la norma antes expuesta, con suma frecuencia nos vemos en la obligación de suspender abogados y abogadas por no contestar nuestros requerimientos. Este Tribunal ha sido consistente en la aplicación de dicha medida disciplinaria. In re Salas González, supra; In re Gonzáles Borgos, supra; In re Mendoza Ramírez, 188 DPR 244, 249 (2013); In re Colón Olivo, 187 DPR 659, 663 (2013). Apliquemos este marco legal.

III.

Como señalamos y según el trámite procesal expuesto, el licenciado Rodríguez López incumplió con los requisitos del PEJC, a pesar de que se le dio la oportunidad de ser oído y tiempo en exceso razonable para cumplir con su obligación. En síntesis, el 2 de noviembre de 2011 el PEJC le cursó un Aviso de Incumplimiento y le concedió 60 días adicionales para que tomara los cursos requeridos. El licenciado Rodríguez López hizo caso omiso. Dos años y dos meses más tarde, el 28 de febrero de 2014 el PEJC lo citó para una vista informal a celebrarse el 25 de abril de 2014 y le dio la alternativa de comparecer por escrito. El licenciado Rodríguez López tampoco aprovechó esta oportunidad.

Ante la falta de comunicación del licenciado Rodríguez López, el Director del PEJC solicitó nuestro auxilio para que este atendiera los requerimientos y cumpliera con su obligación como miembro de la profesión de la abogacía. Este

Tribunal notificó varias resoluciones (de 7 de junio de 2017, 25 de agosto de 2017 y 9 de agosto de 2018) concediéndole términos al licenciado Rodríguez López para que mostrase causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC. No obstante, el licenciado Rodríguez López no ha comparecido ante este Tribunal ni ante el PEJC. Cabe resaltar que todas las comunicaciones que enviamos al licenciado Rodríguez López se remitieron a la dirección postal personal que consta en el RUA.[9]

Todo lo anterior, nos lleva a la conclusión de que el licenciado Rodríguez López se condujo con indiferencia y despreocupación ante sus obligaciones y más aún ante los requerimientos de este Tribunal. La falta de comunicación del licenciado Rodríguez López no nos deja otra alternativa que decretar su suspensión inmediata e indefinida del ejercicio de la abogacía. Por tanto, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el

---

[9] Ordenamos que las Resoluciones de 25 de agosto de 2017 y 9 de agosto de 2018 se notificaran personalmente al licenciado Rodríguez López, pero estos intentos fueron infructuosos. Surge del expediente un diligenciamiento negativo del 9 de agosto de 2018. En este, los alguaciles de este Tribunal hicieron constar que un vecino les informó que el licenciado Rodríguez había fallecido. Sin embargo, al solicitar una confirmación del Registro Demográfico, este rindió un certificado negativo de defunción.

cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

Notifíquese personalmente al señor Rodríguez López esta Opinión *Per Curiam* y Sentencia.

*Se dictará sentencia de conformidad.*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Apolinar Rodríguez López          TS-5175

SENTENCIA

En San Juan, Puerto Rico, a 18 de marzo de 2019.

Por los fundamentos antes expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Apolinar Rodríguez López del ejercicio de la abogacía.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. Deberá además informar inmediatamente de su suspensión a los foros judiciales y administrativos en que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiere conllevar que no se le reinstale cuando lo solicite.

Notifíquese personalmente al señor Rodríguez López esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo