EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Guillermo González Borgos | 2015 TSPR 54 192 DPR ____ |
|---|---|

Número del Caso: TS-7857

Fecha: 10 de abril de 2015

Programa de Educación Jurídica Continua:

    Lcda. Geisa Marrero Martínez
    Directora Ejecutiva

Materia: La suspensión será efectiva el 5 de mayo de 2015, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Guillermo González Borgos          TS-7,857

*PER CURIAM*

San Juan, Puerto Rico, a 10 de abril de 2015.

Una vez más, ejercemos nuestra facultad disciplinaria contra un miembro de la profesión legal debido a su incumplimiento con los requisitos y requerimientos del Programa de Educación Jurídica Continua (PEJC), su desatención en cuanto a las órdenes de este Tribunal, así como su falta de diligencia al no mantener actualizada su información de contacto en el Registro Único de Abogados y Abogadas (RUA). Ante la conducta demostrada en el trámite que exponemos a continuación, no tenemos más remedio que decretar la suspensión indefinida del Lcdo. Guillermo González Borgos del ejercicio de la abogacía y la notaría.

I.

El licenciado González Borgos fue admitido al ejercicio de la abogacía el 24 de abril de 1984. Asimismo, el 3 de julio de 1984 prestó juramento para ejercer el notariado. De su expediente personal se desprende que no

cumplió con los requisitos del PEJC durante el periodo de 1 de abril de 2007 al 31 de marzo de 2009. A tales efectos, no tomó ni acreditó haber tomado algún curso de educación jurídica para dicho periodo. Por razón de su inobservancia, el 4 de mayo de 2009 el PEJC le cursó un Aviso de Incumplimiento mediante el cual le informó de la situación y le concedió -entre otras alternativas- 60 días adicionales para que tomara los cursos de educación jurídica y cumpliera con el periodo de referencia. Cabe mencionar que el licenciado González Borgos, además de desaprovechar la alternativa concedida, no satisfizo la cuota relacionada al cumplimiento tardío.

Tras casi dos años y sin conocer circunstancia alguna del licenciado González Borgos, mediante misiva de 21 de enero de 2011 el PEJC lo citó para una vista informal que se celebraría el 23 de febrero de 2011. También le otorgó como otra opción 10 días para que compareciera por escrito. Además, se le advirtió que de no comparecer personalmente o por escrito se remitiría el asunto a la atención de este Tribunal. El licenciado González Borgos no compareció a la vista informal ni presentó un escrito. En consecuencia, el Oficial Examinador recomendó remitir la conducta del licenciado González Borgos para nuestra evaluación.

Posteriormente, el 12 de febrero de 2014 la Directora del PEJC, en representación de la Junta de Educación Jurídica Continua, presentó ante este Tribunal un *Informe*

*sobre Incumplimiento con Requisito de Educación Jurídica Continua*. Mediante dicho Informe puntualizó los trámites que anteceden en cuanto al licenciado González Borgos y manifestó su preocupación por la actitud pasiva que éste había demostrado para cumplir con los requisitos del PEJC y atender sus comunicaciones. Aun así, la Directora del PEJC nos solicitó que le otorgáramos al licenciado González Borgos un término final para cumplir con los requisitos del PEJC.

Considerada la solicitud de la Directora del PEJC, mediante Resolución de 28 de febrero de 2014, notificada el 5 de marzo de 2014, le concedimos al licenciado González Borgos un término de 20 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC y por no comparecer ante éste cuando le fue requerido. El licenciado González Borgos no respondió a nuestra orden.

Así las cosas, el 30 de enero de 2015 el PEJC presentó ante nosotros una *Moción Informativa*. En ésta relató que el 28 de enero de 2015 el licenciado González Borgos visitó la oficina del PEJC. Durante la visita, el licenciado González Borgos sostuvo que había comenzado a tomar los cursos de educación jurídica y solicitó la entrega del *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* que el PEJC presentó ante este Tribunal. El personal de la oficina le proveyó el documento solicitado y le indicó que copia del mismo le

había sido remitida a la dirección que constaba en el RUA. Se le informó que de haber ocurrido algún cambio en su información de contacto debía actualizarla en dicho registro. Asimismo, el personal de la oficina del PEJC le explicó al licenciado González Borgos que debido a que su incumplimiento se encontraba ante nuestra consideración debía dirigir cualquier planteamiento a este foro.[1]

Conviene destacar que todas las comunicaciones y los escritos que el PEJC presentó ante este Tribunal fueron notificados a la dirección postal de oficina del licenciado González Borgos que surge del RUA y ninguna fue devuelta. La Resolución que emitimos el 28 de febrero de 2014 también fue notificada con éxito a la referida dirección. Al no tener respuesta del licenciado González Borgos, la Secretaría de este Tribunal notificó nuevamente dicha Resolución a la dirección postal personal que surge del RUA. La referida dirección corresponde al estado de la Florida y en este último intento la comunicación fue devuelta por el servicio de correo.[2] Veamos la normativa aplicable a esta relación de hechos.

---

[1] Además de detallar lo anterior, mediante la *Moción Informativa* el PEJC trajo a nuestra atención que el licenciado González Borgos tampoco ha cumplido con los requisitos de educación jurídica para los periodos de 1 de abril de 2009 al 31 de marzo de 2011 y 1 de abril de 2011 al 31 de marzo de 2013. El PEJC anejó certificaciones sobre el historial de cursos de educación jurídica las cuales reflejan que el licenciado González Borgos no ha tomado ni ha acreditado haber tomado algún curso de educación jurídica.

[2] También surge del expediente personal del licenciado González Borgos que la Secretaría de este Tribunal intentó comunicarse con éste mediante llamadas telefónicas. Estas gestiones fueron infructuosas.

II.

En nuestra jurisdicción los abogados y las abogadas están obligados a "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional […]".[3] Por razón de nuestro poder inherente para reglamentar la profesión de la abogacía y en sintonía con el deber antes expuesto, este Tribunal adoptó el Reglamento de Educación Jurídica Continua[4] y, ulteriormente, el Reglamento del Programa de Educación Jurídica Continua (Reglamento del PEJC).[5]

El motivo primordial para la adopción de dichos cuerpos reglamentarios fue establecer un programa de educación jurídica continua que contribuyera al mejoramiento profesional de los abogados y las abogadas, así como a la actualización de sus conocimientos y destrezas jurídicas.[6] Ello, a los fines de fomentar el ejercicio de la abogacía dentro de los más altos niveles de calidad y competencia.[7]

El Reglamento del PEJC les exige a los profesionales del derecho admitidos a la práctica que, de no estar exentos, aprueben como mínimo 24 horas crédito en cursos sobre educación jurídica. Estos cursos son acreditables

---

[3] Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX C. 2.
[4] Véase, In re Regl. Educ. Jur. Cont., 146 DPR 494 (1998).
[5] Véase, In re Aprobación Prog. Educ. Jur., 164 DPR 555 (2005).
[6] Íd.
[7] Íd.

cada dos años.[8] Además, establece que todo profesional del Derecho debe presentar ante la Junta de Educación Jurídica Continua un informe que acredite el cumplimiento de las 24 horas crédito, dentro de los 30 días siguientes a la terminación de cada periodo de cumplimiento.[9]

Cuando algún miembro de la profesión no cumple con los requisitos del PEJC, como primer paso, la Junta de Educación Jurídica Continua le envía un Aviso de Incumplimiento.[10] Como alternativa de cumplimiento, el Reglamento del PEJC permite que los abogados puedan cumplir tardíamente con las obligaciones que les impone dicho programa. Para ello, es necesario presentar un escrito en el cual se expliquen las razones de la tardanza y pagar la cuota correspondiente dentro de los 30 días siguientes a la notificación del Aviso de Incumplimiento.[11]

En cambio, si el profesional del derecho no cumple con sus obligaciones, la Junta de Educación Jurídica Continua lo cita a una vista informal en la que podrá presentar prueba y exponer las razones que justifican su proceder.[12] Si el abogado no comparece, el asunto es remitido a la consideración de este Tribunal.[13] Con anterioridad, hemos suspendido del ejercicio de la profesión a abogados y

---

[8] Regla 5(9) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento del PEJC), 4 LPRA Ap. XVII-E R. 5. Véase además, Regla 6 del Reglamento de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D R.6.
[9] Regla 28 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 28.
[10] Regla 29 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 29.
[11] Regla 30 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 30.
[12] Reglas 31 y 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 31 y 32.
[13] Regla 32 del Reglamento del PEJC, 4 LPRA Ap. XVII-E R. 32.

abogadas que no cumplen con los requisitos del PEJC ni atienden sus requerimientos, así como las órdenes de este Tribunal. Véase, In re Luis Paisán, 190 DPR 1 (2014); In re Del Campo Alomar, 188 DPR 587 (2013); In re Piñeiro Vega, 188 DPR 77 (2013); In re Grau Collazo, 185 DPR 938 (2012).

Por su parte, el Canon 9 de Ética Profesional requiere que la conducta de los abogados hacia los tribunales se caracterice por el mayor respeto.[14] De este precepto surge la obligación de los miembros de la profesión legal de responder oportunamente a los requerimientos de este Tribunal. In re García Ortiz, 187 DPR 507, 524 (2013); In re Grau Collazo, supra, en las págs. 943-944; In re Ramírez Ferrer, 183 DPR 382, 384 (2011).

De manera repetitiva les hemos recordado a los abogados y las abogadas que no atender las órdenes de este Tribunal tiene como consecuencia la suspensión del ejercicio de la profesión, pues demuestra dejadez e indiferencia a nuestros apercibimientos. In re Massanet Rodríguez, 188 DPR 116, 125 (2013); In re Fidalgo Córdova, 183 DPR 217, 222 (2011); In re Fiel Martínez, 180 DPR 426, 430 (2010). La actitud de no cumplir con las órdenes del Tribunal denota menosprecio hacia nuestra autoridad, razón por la cual dicha conducta constituye una violación al Canon 9 de Ética Profesional. In re Guzmán Rodríguez, 187

---

[14] Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX C. 9.

DPR 826, 829 (2013); In re Fiel Martínez, supra, en las págs. 430-431.

Aunque hemos enfatizado en infinidad de ocasiones la norma antes expuesta, con suma frecuencia nos vemos en la obligación de suspender abogados y abogadas por no contestar nuestros requerimientos. Este Tribunal ha sido consistente en la aplicación de dicha medida disciplinaria. In re Mendoza Ramírez, 188 DPR 244, 249 (2013); In re Colón Olivo, 187 DPR 659, 663 (2013); In re Rodríguez Salas, 181 DPR 579, 581 (2011); In re Rodríguez Rodríguez, 180 DPR 841, 845-844 (2011).

Por último, la Regla 9(j) del Reglamento de este Tribunal exige que los profesionales del derecho mantengan actualizada en el RUA su información de contacto, que incluye la dirección física y postal -tanto de su oficina como de su residencia- y el correo electrónico, entre otros.[15] Constituye una obligación notificar a este foro cualquier cambio en su dirección postal o física. In re Betancourt Medina, 183 DPR 821, 825 (2011).[16] Como se sabe, el incumplimiento con el deber de mantener al día la información de contacto en el RUA constituye un obstáculo para el ejercicio de nuestra jurisdicción disciplinaria. In re Camacho Hernández, 188 DPR 739, 743 (2013); In re Betancourt Medina, 183 DPR 821, 825 (2011); In re Toro

---

[15] 4 LPRA Ap. XXI-B, R. 9(j).
[16] Además, véase, In re Rs. Proc. Civil y R.T. Supremo, 179 DPR 174 (2010).

8

<u>Soto</u>, 181 DPR 654, 661 (2011). Apliquemos este marco legal.

## III.

Como señalamos y según el trámite procesal expuesto, el licenciado González Borgos incumplió con los requisitos del PEJC, a pesar de que se le dio la oportunidad de ser oído y tiempo en exceso razonable para cumplir con su obligación. En síntesis, el 4 de mayo de 2009 el PEJC le cursó un Aviso de Incumplimiento y le concedió 60 días adicionales para que tomara los cursos requeridos. El licenciado González Borgos hizo caso omiso. Casi dos años más tarde, el 21 de enero de 2011 el PEJC lo citó para una vista informal a celebrarse el 23 de septiembre de 2011 y le dio la alternativa de comparecer por escrito. El licenciado González Borgos no aprovechó esta oportunidad.

Atada de brazos ante la falta de comunicación del licenciado González Borgos, la Directora del PEJC solicitó nuestro auxilio para que éste atendiera los requerimientos y cumpliera con su obligación como miembro de la profesión de la abogacía. Este Tribunal emitió una Resolución el 28 de febrero de 2014, notificada el 5 de marzo de 2014, mediante la cual le concedimos al licenciado González Borgos 20 días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía. No respondió a nuestra orden.

Transcurrido casi un año desde nuestra Resolución, el 28 de enero de 2015 el licenciado González Borgos acudió a

la oficina del PEJC. Allí, solicitó copia del informe que se presentó ante este Tribunal e indicó que había comenzado a tomar los cursos de educación jurídica. Dicha visita corrobora que el letrado estaba enterado de su incumplimiento y que no actuó al respecto. Al presente el licenciado González Borgos no ha acreditado ningún curso ni ha comparecido ante nosotros para justificar su proceder. Con estas actuaciones, el licenciado González Borgos ha demostrado dejadez y menosprecio hacia nuestra autoridad. Esta conducta es incompatible con el ejercicio de la abogacía.

De otra parte, todas las comunicaciones cursadas al licenciado González Borgos fueron remitidas a la dirección postal de oficina que surge del RUA y ninguna fue devuelta. Como trámite adicional, la Secretaría de este Tribunal le notificó nuestra Resolución de 28 de febrero de 2014 a la dirección postal personal que consta en el RUA. Sin embargo, en esta ocasión la misiva fue devuelta. Es forzoso concluir que el licenciado González Borgos no cumplió con mantener su información de contacto en el RUA actualizada. Tampoco ha informado a este Tribunal algún cambio de dirección.

Todo lo anterior, nos lleva a la conclusión de que el licenciado González Borgos se condujo con indiferencia y despreocupación ante sus obligaciones y más aún ante los requerimientos de este Tribunal. La falta de comunicación del licenciado González Borgos no nos deja otra

10

alternativa que decretar su suspensión inmediata e indefinida del ejercicio de la abogacía. Así pues, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de 30 días a partir de la notificación de esta opinión per curiam y sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado González Borgos y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este foro.

*Se dictará sentencia de conformidad.*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Guillermo González Borgos

TS-7857

SENTENCIA

En San Juan, Puerto Rico, a 10 de abril de 2015.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del Lcdo. Guillermo González Borgos por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC), hacer caso omiso a los requerimientos del PEJC y de este Tribunal, así como su falta de diligencia al no mantener actualizada su información de contacto en el Registro Único de Abogados y Abogadas (RUA).

Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Lcdo. Guillermo González Borgos y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo