*In re* AMÉRICO MARTÍNEZ ROMERO, querellado.

*Número:* AB-2011-80       *Resuelto:* 21 de abril de 2015

*Manuel O'Farill García*, querellante; *Carmen I. Navas*, abogada del querellado.

PER CURIAM: Una vez más nos vemos obligados a suspender a un abogado por incumplimiento con las órdenes emitidas por este Tribunal.

I

En el 2011, el Sr. Manuel O'Farrill García (quejoso) presentó la Queja Núm. AB-2011-0080 (Queja) en contra del Lcdo. Américo Martínez Romero. En la misma alegó que la comunidad hereditaria a la cual pertenece contrató al abogado para que llevara a cabo unas gestiones que este aún no había culminado. El 21 de diciembre de 2012, la Oficina del Procurador General presentó ante este Foro un Informe en el que recomendó el archivo de la Queja y sugirió que procediéramos a ordenar al licenciado Martínez Romero la devolución del dinero que percibió por los trabajos no realizados. El 7 de febrero de 2013, el quejoso nos informó que el licenciado Martínez Romero le entregó los expedientes que pertenecían a la comunidad hereditaria, pero que no entregó el dinero adeudado. El *26 de abril de 2013*, luego de examinar la totalidad del expediente que obra ante nuestra consideración, decidimos ordenar el archivo de la Queja y apercibimos al licenciado Martínez Romero que nuestra determinación estaba condicionada a que devolviera el dinero a la parte quejosa.

Por hechos no relacionados con la queja que ahora examinamos, el *10 de mayo de 2013* suspendimos al licenciado Martínez Romero del ejercicio de la abogacía y la notaría, y le advertimos que debía devolver a todos sus clientes, dentro del término de 30 días, los honorarios percibidos por trabajos no realizados. El 25 de septiembre de 2013, el licenciado solicitó reinstalación al ejercicio de la abogacía y la notaría. Dos semanas después, ordenamos su reinstalación exclusivamente a la práctica de la abogacía y le advertimos que se reactivarían inmediatamente todas las quejas y querellas que estaban pendientes de resolución.

El 24 de octubre de 2013, el quejoso informó que el licenciado Martínez Romero aún no se había comunicado con relación al dinero que adeudaba a la comunidad hereditaria. Por esta razón, mediante Resolución de *24 de enero de 2014* concedimos al licenciado Martínez Romero un *"término final e improrrogable* de *veinte (20) días"* para cumplir "con lo dispuesto en nuestra Resolución de 26 de abril de 2013". (Énfasis en el original). Vencido el término, el 31 de marzo de 2014 el quejoso reiteró el incumplimiento del letrado. Aunque indicamos que el término concedido era final e improrrogable, el *6 de febrero de 2015*, otorgamos al licenciado Martínez Romero otra oportunidad para que devolviese el dinero a la parte quejosa —esta vez dentro del término de 10 días— y le apercibimos que su incumplimiento con lo ordenado podría conllevar la suspensión inmediata del ejercicio de la profesión legal. A pesar de haberle notificado personalmente nuestra resolución, al día de hoy el licenciado no ha contestado.

## II

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión legal y, como tal, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones responsable, competente y diligentemente.[1] Con el propósito de mantener la excelencia de la clase togada, repetidamente hemos enfatizado la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.[2] Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que le impone al abogado el deber de "obser-

---

[1] *In re Vera Vélez*, 192 DPR 216 (2015).

[2] *In re Sosa Suárez*, 191 DPR 261 (2014).

var para con los tribunales una conducta que se caracterice por el mayor respeto". La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al referido canon.[3] Por tal motivo, hemos decidido que procederá la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por la Oficina de Inspección de Notarías (ODIN) y la Oficina del Procurador General.[4]

## III

Desde el 2013, en cuatro ocasiones ordenamos al licenciado Martínez Romero la devolución de los honorarios que percibió por trabajos no realizados. A pesar de las múltiples oportunidades que le concedimos, no tenemos constancia de que el abogado haya cumplido con nuestro requerimiento. Según consta en el expediente del licenciado, la última comunicación que recibimos del quejoso —con fecha de 31 de marzo de 2014— tuvo el propósito de informar que el letrado aún no había entregado la suma adeudada a la comunidad hereditaria. Al día de hoy el licenciado Martínez Romero no ha comparecido para informar lo contrario. Por tales razones, nos vemos obligados a decretar su suspensión del ejercicio de la abogacía de forma inmediata e indefinida.

## IV

Por los fundamentos antes expuestos, *se ordena la suspensión inmediata e indefinida del Lcdo. Américo Martínez Romero de la práctica de la abogacía. El licenciado Martí-*

---

[3] *In re Bryan Picó*, 192 DPR 246 (2015); *In re Pérez Román*, 191 DPR 186 (2014); *In re Martínez Romero*, 188 DPR 511 (2013).

[4] *In re Martínez Romero*, supra, pág. 515.

*nez Romero deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal y les devolverá los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días contado a partir de la notificación de la presente Opinión "Per Curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*