EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
| --- | --- |
| | 2016 TSPR 114 |
| | 195 DPR ____ |
| Virginia Zequeira Brinsfield | |

Número del Caso: TS-6,178

Fecha: 31 de mayo de 2016

Oficina de Inspección de Notarías:

Lcdo. Manuel E. Ávila de Jesús
Director

Materia: La suspensión será efectiva el 8 de junio de 2016, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Virginia Zequeira Brinsfield          TS-6,178

*PER CURIAM*

San Juan, Puerto Rico, a 31 de mayo de 2016.

Una vez más nos vemos obligados a suspender a un miembro de la profesión legal por su incumplimiento con las órdenes emitidas por este Tribunal y con los requerimientos de la Oficina de Inspección de Notarías (ODIN).

**I**

El 10 de diciembre de 2014, el Director de la ODIN notificó a la Lcda. Virginia Zequeira Brinsfield que sus récords en la Unidad de Índices Notariales reflejaban que ésta adeudaba un total de 10 Índices Mensuales de Actividad Notarial y 13 Informes Estadísticos Anuales. En específico, debía los

Informes Estadísticos de Actividad Notarial Anual para los años 1997, 1999, 2000, 2001, 2002, 2003, 2004, 2006, 2009, 2010, 2011, 2012 y 2013; y los Índices de Actividad Mensual de abril, mayo y octubre de 2002, febrero de 2003, agosto a diciembre de 2013 y enero de 2014. En torno a esto, el Director de la ODIN concedió a la licenciada Zequeira Brinsfield un término de 10 días para que presentara todos los informes adeudados y expusiera las razones por las cuales su conducta no debía ser referida a la atención de este Tribunal Supremo.

Así, el 9 de enero de 2015 la licenciada Zequeira Brinsfield presentó una *Moción Explicativa* en la que expuso lo siguiente: "Me extrañó en sobremanera tener tantos índices notariales e informes de actividad notarial anual atrasados, y la mayoría de fechas muy remotas. Verdaderamente al día de hoy se me hace imposible recordar las razones por las que no los radiqué a tiempo". Aun así, la abogada explicó que su incumplimiento desde agosto de 2013 hasta enero de 2014 ocurrió a causa de que estuvo cuidando a tiempo completo a su tía en un hospital, de quien era tutora, y quien tuvo serias complicaciones de salud durante todo ese período. Además, en su carta, la notaria presentó los índices e informes que adeudaba.

El 9 de enero de 2015 el Director de la ODIN emitió una Resolución en la que dio por subsanadas las

deficiencias de la licenciada Zequeira Brinsfield. A su vez, le recordó a la notaria que la falta de presentación oportuna de los Índices Mensuales e Informes Anuales representa una falta grave a los deberes que la fe pública notarial le impone como notaria. Finalmente, le advirtió que de repetirse su conducta el "asunto será automáticamente referido al Tribunal Supremo de Puerto Rico, sin más aviso, para la correspondiente evaluación e imposición de la medida disciplinaria que aplique".

A pesar de ello, la licenciada Zequeira Brinsfield volvió a incumplir con su obligación notarial. Por consiguiente, el 16 de noviembre de 2015 la ODIN le notificó que sus récords reflejaban que adeudaba los índices mensuales correspondientes a los meses de julio a septiembre de 2015.

Así las cosas, el 1 de diciembre de 2015, el Director de la ODIN presentó ante este Tribunal un *Informe Especial sobre incumplimiento de la Ley Notarial [de] Puerto Rico y su Reglamento y en Solicitud de Remedios*. En éste relató el incumplimiento previo de la notaria con su obligación de presentar los informes e índices notariales requeridos por ley, y explicó que ésta volvió a incumplir, a pesar de que en la ocasión previa le había advertido que su próximo incumplimiento sería referido a este Tribunal. Según señaló el Director de la ODIN, la preparación y presentación de los índices

e informes notariales es una gestión sencilla que no requiere destrezas especiales, por lo que el incumplimiento de la licenciada Zequeira Brinsfield reflejaba su falta de interés y compromiso hacia los deberes que le impone el ordenamiento notarial. Ante esta situación, el Director de ODIN recomendó su suspensión inmediata e indefinida del ejercicio de la notaría y cualquier otra determinación que estimemos procedente.

Evaluado el Informe de la ODIN, el 12 de enero de 2016 ordenamos la incautación preventiva e inmediata de la obra protocolar y su sello notarial. Además, le concedimos a la licenciada Zequeira Brinsfield **"un término improrrogable de diez (10) días,** contados a partir de la notificación de esta Resolución, para que muestre causa por la cual no deba ser suspendida indefinidamente de la práctica de la abogacía y la notaría por su reiterado incumplimiento con la Ley y el Reglamento Notarial de Puerto Rico". (Énfasis suplido). Esta Resolución fue enviada por correo el 13 de enero de 2016 y, además, le fue entregada personalmente a la licenciada Zequeira Brinsfield el 22 de enero de 2016, fecha en la que también incautamos su obra y sello notarial.

El 29 de enero de 2016, el Director de la ODIN presentó ante este Tribunal una *Moción Notificando Incumplimiento de Orden*. En ésta señaló que la

licenciada Zequeira Brinsfield aún no había cumplido con nuestra Resolución y subrayó que dicha conducta constituye un serio agravio hacia la autoridad de este Tribunal, en violación del Canon 9 del Código de Ética Profesional, *infra*. Ante tal conducta, la ODIN solicitó nuevamente que tomáramos el curso de acción que estimemos procedente.

A pesar de que le notificamos por correo y personalmente nuestra Resolución, al día de hoy la licenciada Zequeira Brinsfield no ha solicitado prórroga para cumplir con lo ordenado, ni ha expuesto su posición en torno al Informe de la ODIN.

## II

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión legal y, como tal, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones responsable, competente y diligentemente.[1] Con el propósito de mantener la excelencia de la clase togada, hemos enfatizado la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.[2]

---

[1] *In re Oyola Torres*, res. el 21 de abril de 2016, 2016 TSPR 73, 195 DPR __ (2016); *In re Martínez Romero*, 192 DPR 957 (2015); *In re Pacheco Pacheco*, 192 DPR 553 (2015).

[2] Íd.

Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Así, hemos expresado que los abogados tienen una obligación inexcusable de atender y responder pronta y rigurosamente nuestras órdenes y requerimientos, en especial aquellos referentes a la investigación, tramitación y resolución de quejas y procesos disciplinarios.[3] La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[4] Por tal motivo, hemos advertido a la clase togada que procederá la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por la Oficina de Inspección de Notarías (ODIN) y la Oficina del Procurador General.[5]

**III**

Como señalamos, en una previa ocasión de incumplimiento, la ODIN le concedió a la licenciada Zequeira Brinsfield la oportunidad de entregar múltiples

---

[3] Íd.

[4] Íd.

[5] Íd.

índices mensuales e informes anuales de actividad notarial que adeudaba de fechas remotas y otras recientes, y atendió su cumplimiento administrativamente sin referir el asunto a este Tribunal. Además, al dar por cumplido lo adeudado, la ODIN le recordó a la licenciada Zequeira Brinsfield la importancia de cumplir con su deber notarial y le advirtió que en caso de incurrir en una nueva deficiencia, su conducta sería referida a este Foro.

A pesar de la oportunidad concedida a la licenciada Zequeira Brinsfield precisamente en torno a la falta de entrega de índices notariales mensuales e informes anuales, la notaria volvió a incumplir con su obligación notarial sobre el mismo asunto: nuevamente dejó de entregar los índices mensuales. Según advertido por la ODIN, el asunto se nos refirió y, al atenderlo, le concedimos a la abogada un término improrrogable de 10 días para que expusiera las razones por las cuales no debía ser suspendida indefinidamente de la abogacía y la notaría por su reiterado incumplimiento con la Ley y el Reglamento Notarial. Valga destacar que dicha Resolución se le notificó a la licenciada Zequeira Brinsfield por correo y personalmente. No obstante, al día de hoy la notaria no ha presentado su posición en torno al Informe de la ODIN ni ha solicitado prórroga para cumplir con lo ordenado.

La conducta de la licenciada Zequeira Brinsfield refleja una falta de diligencia hacia los requerimientos de la ODIN y un serio agravio hacia las órdenes y la autoridad de este Tribunal, lo que representa una infracción al Canon 9 del Código de Ética Profesional, *supra*.[6] Por tales razones, nos vemos obligados a decretar su suspensión del ejercicio de la abogacía y la notaría de forma inmediata e indefinida.

**IV**

Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida de la Lcda. Virginia Zequeira Brinsfield de la práctica de la abogacía y la notaría.

La licenciada Zequeira Brinsfield deberá notificar **inmediatamente** a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar **inmediatamente** su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo

---

[6] En una ocasión previa, la Oficina del Programa de Educación Jurídica Continua nos había referido la conducta de la Lcda. Virginia Zequeira Brinsfield por su incumplimiento con los requisitos del Programa. Según surge del expediente, posteriormente la abogada completó los créditos requeridos.

electrónico. Además, la licenciada Zequeira Brinsfield deberá entregarle a la ODIN todos los índices notariales adeudados. Finalmente, la notaria deberá comunicarse con la ODIN para coordinar la corrección de cualquier otra deficiencia que se haya encontrado en su obra notarial, e informarnos del resultado de tal comunicación.

**Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días,** contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Virginia Zequeira Brinsfield          TS-6,178

SENTENCIA

San Juan, Puerto Rico, a 31 de mayo de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se ordena la suspensión inmediata e indefinida de la Lcda. Virginia Zequeira Brinsfield de la práctica de la abogacía y la notaría.

La licenciada Zequeira Brinsfield deberá notificar **inmediatamente** a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y devolverá a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar **inmediatamente** su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Además, la licenciada Zequeira Brinsfield deberá entregarle a ODIN todos los índices notariales adeudados. Finalmente, la notaria deberá comunicarse

con ODIN para coordinar la corrección de cualquier otra deficiencia que se haya encontrado en su obra notarial, e informarnos del resultado de tal comunicación.

**Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de 30 días,** contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

**Notifíquese personalmente.**

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo