*In re* EDWIN MONTAÑEZ MELECIO.

*Número:* TS-11,288          *Resuelto:* 31 de enero de 2017

*Geisa M. Marrero Martínez,* ex directora ejecutiva del Programa de Educación Jurídica Continua, en informe; *Manuel E. Ávila de Jesús,* director de la Oficina de Inspección de Notarías, en moción informativa; *Edwin Montañez Melecio, pro se.*

PER CURIAM: Por los fundamentos que relatamos a continuación, hoy suspendemos al Lcdo. Edwin Montañez Mele-

cio (licenciado Montañez) de manera inmediata e indefinida del ejercicio de la abogacía y de la práctica de la notaría.

I

*Trasfondo procesal*

El licenciado Montañez juramentó al ejercicio de la abogacía el 11 de agosto de 1995 y a la práctica de la notaría el 30 de enero de 1996. El 1 de octubre de 2015, la entonces Directora del Programa de Educación Jurídica Continua (PEJC) nos sometió un Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua. En síntesis, indicó que, a pesar de las múltiples notificaciones cursadas, las oportunidades brindadas para completar los cursos de educación continua requeridos y las debidas advertencias sobre las consecuencias de su inobservancia, el letrado no acudió a la vista informal programada ante la Directora del PEJC e incumplió con todos los requisitos de educación continua correspondientes a los periodos comprendidos entre septiembre de 2007 y agosto de 2013.[1] Tampoco pagó la cuota por cumplimiento tardío. Según el informe, durante el curso del trámite administrativo, el licenciado Montañez se limitó a enviar un correo electrónico informando que se había visto forzado a cerrar su oficina debido a la situación económica por la que atravesaba.

En atención a lo anterior, mediante Resolución de 13 de octubre de 2015, le concedimos al licenciado Montañez un término de veinte días para que mostrara causa por la cual no debía de ser suspendido del ejercicio de la abogacía por incumplir con los requisitos reglamentarios de educación jurídica continua y por no comparecer a la vista ante el PEJC según se le requirió. Nuestra Resolución se envió a su dirección postal en Bayamón, Puerto Rico, según constaba en el Registro Único de Abogados y Abogadas (RUA)

---

[1] Los periodos se desglosan de la forma siguiente: 1 de septiembre de 2007 a 31 de agosto de 2009, 1 de septiembre de 2009 a 31 de agosto de 2011 y 1 de septiembre de 2011 a 31 de agosto de 2013.

para esa fecha, y no fue devuelta. El letrado no respondió a nuestro requerimiento.

Por otra parte, el 1 de marzo de 2016, el Lcdo. Manuel E. Ávila de Jesús, director de la Oficina de Inspección de Notarías (ODIN), sometió un Informe Especial, en el cual detalló la demora sistemática desplegada por el letrado en la presentación de sus Índices de Actividad Notarial Mensual, así como sus Informes Estadísticos de Actividad Anual.[2] Indicó que, a pesar de habérsele advertido que cualquier retraso subsiguiente en remitir los informes requeridos por la Ley Notarial de Puerto Rico y su Reglamento provocaría que se refiriera el asunto automáticamente a este Foro, el licenciado Montañez hizo caso omiso a lo señalado.

Igualmente, se nos informó el incumplimiento del licenciado Montañez con los requerimientos de la ODIN: (1) que remitiese prueba acreditativa del pago de la fianza notarial para los periodos de 2011 a 2015; (2) que certificase que la presentación tardía de los índices e informes antes mencionados no provocaron alguna reclamación por parte de terceras personas ni causaron daños a tercero, y (3) que informase si interesaba continuar ejerciendo la profesión de la notaría.[3]

En vista de lo anterior, el 21 de marzo de 2016 concedimos al letrado un plazo de diez días para que expusiera las razones por las cuales no debía ser suspendido del ejercicio de la notaría a base de los señalamientos consignados por el Director de la ODIN. Igualmente, se le ordenó que mostrara

---

[2] A la fecha del informe, el abogado adeudaba los Índices de Actividad Notarial Mensual correspondientes a los meses de abril a diciembre de 2015 y enero de 2016, así como el Informe Estadístico de Actividad Notarial Anual correspondiente al año natural 2015, el cual venció el 29 de febrero de 2016. El 21 de diciembre de 2016, el Director de la Oficina de Inspección de Notarías (ODIN) presentó una Moción Informativa, en la cual reiteró que el Lcdo. Edwin Montañez Melecio aún no está al día con la obligación de presentar los Índices de Actividad Notarial Mensual y el Informe Estadístico de Actividad Notarial Anual de 2015.

[3] Mediante Resoluciones de 29 de septiembre de 2010 y de 3 de abril de 2012, respectivamente, ordenamos el archivo de dos querellas presentadas contra el licenciado Montañez por haber incumplido con el pago de la prima de la fianza notarial. En dichas ocasiones se le apercibió de la necesidad de observar estrictamente las disposiciones de la Ley Notarial de Puerto Rico.

causa por la cual no debía imponérsele una sanción económica de $500 al amparo del Art. 62 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 LPRA sec. 2102. Como medida preventiva, se ordenó la incautación del sello y de la obra notarial del licenciado Montañez.

Debido a que el licenciado Montañez no respondió a nuestra Resolución de 13 de octubre de 2015 relativa al PEJC, se le ordenó que mostrara causa por la cual no debía ser suspendido inmediata e indefinidamente del ejercicio de la abogacía por desatender nuestras órdenes.(4)

Luego de expirado el término concedido de diez días, el *19 de abril de 2016*, el licenciado Montañez compareció ante nos. Indicó que no había recibido la Resolución del 13 de octubre de 2015 y que, por lo tanto, no había podido reaccionar a ésta. Señaló, sin embargo, que estaba dispuesto a responder si se le hacía llegar una copia. Además, explicó que hacía alrededor de veinte años que se había mudado de Bayamón y que al presente residía en Gurabo. También indicó que había anunciado los cambios de dirección al Colegio de Abogados de Puerto Rico y a la ODIN. Por último, aseveró que el 2 de febrero de 2016 había notificado a la ODIN, mediante un correo electrónico, que tenía al día el pago de la fianza notarial y había cumplido con el envío de los índices e informes notariales adeudados.

El *21 de abril de 2016* nuevamente emitimos una Resolución en la que señalamos que la dirección oficial del licenciado Montañez, según constaba en el RUA, era un apartado postal en Bayamón. Le recordamos al letrado que, conforme a la Regla 9(j) del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, le corresponde a cada abogado mantener actualizados sus datos personales en dicho Registro. Indicamos que, según las constancias del RUA, habíamos notificado la Resolución de 13 de octubre de 2015 a su dirección oficial y que ésta no había sido devuelta. Igualmente, le informamos que, de necesitar una copia de

_____

(4) Esta Resolución se notificó personalmente al abogado el 5 de abril de 2016.

dicha Resolución, debía procurarla directamente en la Secretaría del Tribunal y cancelar el arancel correspondiente. Por último, le concedimos un término final e improrrogable de cinco días para actualizar, de ser necesario, sus datos personales en el RUA y cumplir con nuestra Resolución de 21 de marzo de 2016.([5])

Expirado el término de cinco días concedido, el *5 de mayo de 2016*, el licenciado Montañez compareció nuevamente ante nos y explicó que durante los últimos diez años ha atravesado una situación económica sumamente difícil. A causa de ello, incumplió con múltiples responsabilidades económicas, lo que le llevó, inclusive, a entregar su vehículo de motor y residencia, cambiar a sus hijos de escuela y cerrar su despacho legal. Trató infructuosamente de generar ingresos por otros medios, por lo cual le tomó mucho tiempo conseguir el dinero para finalmente pagar las fianzas notariales que tenía al descubierto. Indicó que este panorama financiero trajo como consecuencia el haber descuidado su práctica legal. Sin embargo, certificó que ningún tercero se vio afectado por esto. Reconoció haber dejado al descubierto la fianza notarial, así como el retraso en el envío de los índices notariales e informes anuales, pero solicitó una oportunidad para retomar el ejercicio de la práctica legal y notarial. Por último, indicó que, en esa fecha, había actualizado su información en el RUA.

II

*Derecho aplicable*

A. *Programa de Educación Jurídica Continua*

■ El Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX (Código de Ética), reconoce que, para poder

---

([5]) Se adelantó una copia de la Resolución de 21 de abril de 2016 por correo electrónico. También se notificó por correo a la dirección que constaba para esa fecha en el Registro Único de Abogados y Abogadas (RUA), pero ésta fue devuelta por el servicio postal.

brindar una adecuada representación legal a sus clientes, los abogados deben mantenerse capacitados mediante cursos y talleres de mejoramiento profesional. Con el fin de cumplir con este objetivo, aprobamos el Reglamento de Educación Jurídica Continua de 1998 (4 LPRA Ap. XII-D), el cual inicialmente requería a los abogados que tomaran al menos veinticuatro horas créditos en cursos de educación jurídica continua cada dos años. Posteriormente, se extendió el término de cumplimiento a tres años. Véase *In re Enmdas. R. Educ. Jur. Cont.*, 193 DPR 233 (2015). Así pues, el incumplimiento con los requisitos de educación continua, según fijado en la reglamentación del PEJC, implica una contravención al Canon 2 del Código de Ética, *supra. In re Sepúlveda Padilla*, 195 DPR 606 (2016).

Además, se pautó para el pago de una cuota de $50 por cumplimiento tardío. Véase la Regla 30 del Reglamento del Programa de Educación Jurídica Continua de 2005 (4 LPRA Ap. XVII-E), según enmendado.

■ Cuando los abogados no cumplan con las exigencias reglamentarias, el Director del PEJC los citará a una vista informal con el propósito de brindarles una oportunidad para ofrecer sus razones para ello. Véase la Regla 31 del Reglamento del Programa de Educación Jurídica Continua de 2005 (4 LPRA Ap. XVII-E), según enmendado. En caso de incomparecencia, la Junta de Educación Jurídica Continua remitirá el asunto a este Foro. Véase la Regla 32 del Reglamento del Programa de Educación Jurídica Continua de 2005 (4 LPRA Ap. XVII-E), según enmendado.

En ocasiones anteriores hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y apartarse de las exigencias concernientes a la educación jurídica continua. *In re Marrero Irizarry et al.*, 195 DPR Ap. (2016); *In re González Borgos*, 192 DPR 926 (2015); *In re Martínez Rodríguez*, 192 DPR 539 (2015).

B. *Ley Notarial de Puerto Rico y su reglamento*

La naturaleza particular del ejercicio de la notaría exige que los notarios sean meticulosos en el desempeño de todas sus funciones y observen rigurosamente las disposiciones de la ley y del reglamento notariales de Puerto Rico, así como del Código de Ética. *In re Zequeira Brinsfield*, 195 DPR 663 (2016); *In re Salas González*, 193 DPR 387 (2015); *In re Santiago Ortiz*, 191 DPR 950 (2014).

El Art. 12 de la Ley Notarial de Puerto Rico (Ley Notarial), 4 LPRA sec. 2023, y la Regla 12 del Reglamento Notarial de Puerto Rico (Reglamento Notarial), 4 LPRA Ap. XXIV, exigen a los notarios que remitan mensualmente a la ODIN los índices de sus actividades notariales no más tarde del décimo día calendario del mes siguiente al mes informado. Asimismo, el Art. 13-A de la Ley Notarial, 4 LPRA sec. 2031a, y la Regla 13 del Reglamento Notarial, 4 LPRA Ap. XXIV, disponen que todo notario deberá remitir a la ODIN los informes estadísticos anuales de su actividad notarial no más tarde del último día de febrero del año siguiente al que se informa.

Por otra parte, los notarios están obligados a prestar una fianza no menor de $15,000 como requisito para ejercer la notaría en nuestra jurisdicción. Art. 7 de la Ley Notarial, 4 LPRA sec. 2011. Esta fianza debe renovarse anualmente. Íd.

Anteriormente, hemos advertido que el incumplimiento con las disposiciones de la Ley Notarial o de su reglamento expone al notario a sanciones disciplinarias graves por las implicaciones que su inobservancia tiene sobre la fe pública notarial. *In re Cabrera Acosta*, 193 DPR 461 (2015); *In re Salas González*, supra; *In re Santiago Ortiz*, supra.

## C. *Canon 9 de Ética Profesional*

■ Conforme al Canon 9 del Código de Ética, 4 LPRA Ap. IX, compete a los abogados, como funcionarios del tribunal, el deber de "respetar, acatar y responder oportuna y diligentemente" las órdenes judiciales. *In re Sepúlveda Padilla*, supra, pág. 613. Véase, también, *In re González Borgos*, supra. Ignorar nuestras órdenes denota menosprecio a nuestra autoridad e infringe esta disposición ética. *In re Marrero Irizarry*, supra; *In re Sepúlveda Padilla*, supra; *In re González Borgos*, supra.

■ Un abogado que incumple con nuestras órdenes y no justifica su proceder está sujeto a ser sancionado con su suspensión indefinida al ejercicio de la abogacía. *In re Marrero Irizarry*, supra; *In re González Borgos*, supra.

■ Las obligaciones impuestas por el Canon 9, *supra*, se extienden a los requerimientos de aquellas entidades a las cuales se les han delegado funciones que inciden en la fiscalización de la profesión legal. Esto incluye la Oficina de la Procuradora General, la ODIN y la Junta del PEJC. *In re Sepúlveda Padilla*, supra.

Consecuentemente, la indiferencia a los avisos de cualquiera de estas dependencias se equipara a una afrenta a las órdenes del propio tribunal e igualmente supone la suspensión inmediata e indefinida de la profesión legal. *In re Sepúlveda Padilla*, supra. Así pues, ignorar los requerimientos de la ODIN y las órdenes de este Tribunal, además del reiterado incumplimiento con la ley y el reglamento notariales, representa una infracción al referido Canon 9. *In re Zequeira Brinsfield*, supra.

El hecho de que responda eventualmente a los requerimientos de la ODIN no subsana sus múltiples desatenciones previas. Un patrón de desidia es incompatible con la conducta que demanda el Canon 9 del Código de Ética. *In re Colón Collazo*, 196 DPR 239 (2016).

## D. *Regla 9(j) del Reglamento del Tribunal Supremo*

Por último, la Regla 9(j) del Reglamento del Tribunal Supremo, *supra*, impone a los abogados la obligación de mantener sus datos actualizados en el RUA, especialmente la dirección a donde deben dirigirse las notificaciones. Ignorar esta obligación interfiere con el trámite disciplinario y es causa suficiente para ordenar la suspensión inmediata e indefinida de la abogacía. *In re Marrero Irizarry*, supra; *In re González Borgos*, supra.

## III

*Discusión*

Analizamos la conducta del licenciado Montañez a la luz de la normativa antes descrita.

Primeramente, éste desatendió las comunicaciones enviadas por la oficina del PJEC, no asistió a la vista informal pautada ni pagó la cuota por incumplimiento tardío. Asimismo, *todas* las horas crédito adeudadas desde el 2007 quedaron al descubierto. Tampoco respondió a nuestras órdenes que le brindaban una oportunidad para ofrecer sus explicaciones sobre los señalamientos antes indicados. Por lo tanto, su comportamiento fue contrario a los Cánones 2 y 9 del Código de Ética, *supra*, así como a las exigencias del Reglamento del Programa de Educación Jurídica Continua.

En lo concerniente a sus responsabilidades como notario, resulta indiscutible el retraso persistente en remitir sus Índices de Actividad Notarial Mensual, así como sus Informes Estadísticos de Actividad Anual. Ello a pesar de las advertencias de la ODIN sobre las consecuencias disciplinarias que enfrentaría si continuaba con ese patrón de conducta. Igualmente, el licenciado Montañez faltó a su obligación de mantener una fianza al día entre los años 2011 y 2015. Tampoco acató los requerimientos de la ODIN. Las violaciones a la ley y al reglamento notariales

antes reseñadas ameritan sanciones severas, además de haber infringido el Canon 9 del Código de Ética al desatender las indicaciones de la ODIN.

Por último, el letrado no solo ignoró nuestras órdenes contraviniendo así el Canon 9, *supra*, sino que falló al no actualizar oportunamente su dirección en el RUA según prescrito en la Regla 9(j) del Reglamento de este Tribunal, *supra*. No fue hasta mayo del 2016 que éste finalmente notificó el cambio de dirección, a pesar de que reconoció haberse mudado de Bayamón hacía dos décadas. El hecho de haberle provisto esta información a la ODIN y al Colegio de Abogados de Puerto Rico no le excusa de su obligación para con este Foro. Su incumplimiento sobre este particular obstaculizó la notificación de nuestras Resoluciones, impidió que respondiera a cabalidad nuestros requerimientos y, como resultado, interfirió innecesariamente con el proceso disciplinario.[6]

IV

*Conclusión*

Ante los múltiples y repetidos incumplimientos a los postulados del PEJC, a la Ley Notarial y al Reglamento Notarial, al Código de Ética y al Reglamento de este Tribunal, nos vemos obligados a separar al Lcdo. Edwin Montañez Melecio inmediata e indefinidamente de la práctica de la abogacía y la notaría. No somos indiferentes a las vicisitudes económicas por las que presuntamente ha atravesado el licenciado Montañez. Sin embargo, para poder realizar las funciones de alto interés público que represen-

---

[6] El licenciado Montañez únicamente respondió a la Resolución de 21 de marzo de 2016, la cual se notificó personalmente, y la Resolución del 21 de abril de 2016, que se envió, además, por correo electrónico. En su respuesta de 19 de abril de 2016 indicó no haber recibido la Resolución inicial de 13 de octubre de 2015 sobre los asuntos concernientes al Programa de Educación Jurídica Continua (PEJC). Sin embargo, no hizo gestión alguna para procurarla directamente de la Secretaría de este Foro. Igualmente, al presente no se ha puesto al día con el PEJC.

tan el ejercicio de la abogacía y la notaría en nuestra sociedad, es indispensable cumplir oportunamente y a cabalidad con los preceptos que rigen la profesión legal y la práctica de la notaría.

*Se ordena al señor Montañez que notifique a todos sus clientes sobre su inhabilidad para continuar representándolos y que les devuelva cualesquiera honorarios recibidos por servicios profesionales no realizados. De igual forma, deberá informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún trámite pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días, contados a partir de la notificación de la presente Opinión "per curiam" y Sentencia.*

*Además, se le ordena al Director de la ODIN que nos presente un informe respecto al estado de la obra notarial del señor Montañez. Notifíquese esta Opinión "per curiam" y Sentencia al señor Montañez a través de la Oficina del Alguacil de este Tribunal.*

*Se dictará Sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez no intervino.